SOL KAPLAN, Respondent, v. ELEANOR KAPLAN, Appellant.

Second Department, January 20, 1969.

*Ira Sacks* for appellant.

*Joseph L. Forscher* for respondent.

BRENNAN, J. The question we are called upon to determine is whether subdivision (2) of section 170 of the Domestic Relations Law, which became effective on September 1, 1967, is retroactive so as to permit a plaintiff to maintain an action

for absolute divorce based on abandonment of the plaintiff by the defendant for a period of more than two years prior to the commencement of the action but *less than two years* from September 1, 1967, the effective date of the statute.

The action was commenced by the service of a summons on January 27, 1968. In the second cause of action alleged in the complaint the plaintiff seeks a judgment of absolute divorce on the ground of the defendant's continuous abandonment of the plaintiff for a period of approximately six years preceding the institution of the action.

On April 27, 1966, chapter 254 of the Laws of 1966 (a new divorce reform law) was enacted which, *inter alia*, amended the Domestic Relations Law. Subdivision (2) of section 170 thereof permits an action for a divorce on the ground of abandonment for a period of two or more years. Abandonment, as a ground for an absolute divorce, did not exist in this State prior thereto.

Section 15 of chapter 254 of the Laws of 1966 provides: " This act shall take effect September first, nineteen hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by this act shall not be computed to include any period prior to September first, nineteen hundred sixty-six and provided further that sections ten and twelve hereof shall take effect immediately." It will be noted that no specific reference is made therein to subdivision (2) of section 170.

The defendant contends that, in enacting section 170, the Legislature did not indicate whether subdivision (2) thereof was to be applied prospectively or retroactively and that under the general rule, unless a contrary intent is clearly expressed, a statute is to be construed as prospective, except when it is remedial or procedural in nature.

It is the general rule that amendatory statutes are to be construed as prospective only, unless there is a clear expression of the legislative purpose to justify a retroactive application (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240). It is presumed, absent any contrary indication, that the Legislature intended changes in the form of remedies to be applicable to proceedings thereafter instituted for the redress of wrongs already done (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 270). Where the effect of the statute is to create a right of action which did not previously exist, it is presumed that the statute was intended to have only prospective application (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 15 N Y 2d 443,

453). The "duty of the courts, however, is to construe, not to enact, the laws, and notwithstanding these general objections to retroactive legislation, the question of whether a given statute is prospective or retroactive, is, like other questions of interpretation, to be determined by ascertaining the legislative intent. Hence if it is clear that the legislature intended an act to have a retroactive application the courts cannot change the law and refuse to give it that effect, and this is true though the act is thereby rendered unconstitutional" (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 51, pp. 71–72).

In an article, "The Divorce Reform Law: A Brief for Retroactivity" (N. Y. L. J., July 24-26, 1967), Professor Milton G. Gershenson said that no clear indication of legislative intent appears in the wording of the statute but he concluded that there was retroactivity and stated (July 26, p. 4, col. 6): "With reference to the four 'fault' grounds: Two of them by their nature, cry out for retroactivity. Under section 170(2), abandonment for two years or more suffices for divorce. Where there has already been such wrong, which by its nature, is continuing on, to require an additional two years of abandonment beyond September 1, 1967, smacks of injustice."

In enacting the original divorce reform law in 1966, the Legislature provided specifically that subdivisions (5) and (6) of section 170 had prospective effect only (L. 1966, ch. 254, § 15). By chapter 700 of the Laws of 1968, the Legislature modified those subdivisions. It continued the nonretroactive impact of subdivision (6) (the living apart of the spouses for two years following the execution of a separation agreement). However, the Legislature endowed subdivision 5 (the spouses' separation for two years following a separation decree) with retroactive force by re-enacting the subdivision and providing that the act was to take effect immediately.

The memorandum of the Joint Legislative Committee on Matrimonial and Family Laws, relating to chapter 700 of the Laws of 1968, stated (McKinney's 1968 Sess. Laws of N. Y., vol. 2, p. 2308):

"The living apart ground for divorce based upon an agreement of separation is being amended to recite that the agreement must be one subscribed and acknowledged on or after August 1, 1966. This language is being added in order to clearly show that there is no legislative intent that this section have retroactive effect.

"As originally introduced this bill would also have provided that the separation ground for divorce based upon a judgment or decree of separation must have been one granted on or

after September 1, 1966. By amendment, this limitation was deleted. The bill as it now stands, demonstrates a legislative intent to construe that provision as retroactive.''

In stating that the removal of the nonretroactive provision concerning subdivision (5) of section 170 of the Domestic Relations Law '' demonstrates a legislative intent to construe that provision as retroactive,'' the memorandum manifests the legislative intent to construe that provision as being retroactive.* By analogy it would appear that it was the Legislature's intent that subdivision (2) of section 170 is to be construed as being retroactive and we so hold.

Thus the two-year continuous period of abandonment as a ground for divorce pursuant to subdivision (2) of said section should be computed to include a period of abandonment prior to September 1, 1967.

Accordingly, the order should be affirmed insofar as appealed from, without costs.

CHRIST, Acting P. J., HOPKINS, BENJAMIN and MUNDER, JJ., concur.

Order of the Supreme Court, Kings County, dated June 4, 1968, affirmed insofar as appealed from, without costs.

---

* We, of course, are not presently called upon to, nor do we, determine the rights of spouses under subdivision (5).