OPINION OF THE COURT
Edward F. McLaughlin, J.
This motion was brought on by petitioner at Special Term on October 11, 1977 pursuant to CPLR article 78 by way of *1068 mandamus directing respondent to pay to the petitioner the regular salary of a fireman of the Fire Department of the City of Oswego until such time as petitioner’s disability has ceased, pursuant to sections 207-a and 207-k of the General Municipal Law.
In brief, the petitioner, James I. Kieper, states that he was a member of the Fire Department of the City of Oswego, New York, having been duly appointed on or about May 30, 1968, and was on or about the 20th day of May, 1975, a member of the said fire department, when in the course of his official duties, he suffered and sustained a massive, acute myocardial infarction following an incident which occurred on or about May 10, 1975, while in the course of his duties as a fireman and due to the inhalation of smoke and strenuous physical exertion in the course of fighting a fire on that date which inhalation of smoke and strenuous physical exertion he alleges was the cause of the myocardial infarction which occurred on May 20, 1975, as a result of which petitioner claims he is physically incapacitated from performing the duties of a fireman and that such incapacity continues to the present time.
Petitioner further claims that pursuant to sections 207-a and 207-k of the General Municipal Law, he is entitled to be paid by the aforesaid City of Oswego the full amount of his regular salary or wages until his disability has ceased. He further alleges that his full wages or salary were paid from May 20, 1975 until about May 28, 1977, at which date payment of his full salary or wages ceased and that respondent has refused to pay the petitioner his regular salary or wages since May 28, 1977, despite requests by petitioner and his attorney.
Respondent in its answer denies paragraphs "Third”, Fourth”, "Fifth”, and "Seventh” of the petition and as an affirmative defense alleges that the petitioner’s failure to allow respondent to pursue its rights under the statute by allowing the respondent to obtain the results of a physical examination of the petitioner which has been scheduled for November, 1977, and that without the results of such examination, respondent is unable to determine if the petitioner was injured in the performance of his duties or was taken sick as a result of the performance of his duties.
In a brief hearing before the court, both counsel conceded that the petitioner had applied for a hearing and redetermina *1069 tion of his application for accidental disability retirement benefits provided by section 363 of the Retirement and Social Security Law and that a decision had been rendered on or about April 1, 1977 denying accidental disability retirement benefits to the petitioner. Exhibit No. 1 was offered and admitted as an exhibit which consisted of the certified copy of ordinance No. 180 which is quoted as follows: "The Mayor shall constitute the Department of Fire and Police in the city of Oswego, and shall exercise the Powers and fulfill the duties connected with and incident to the control, government and discipline of Police Government and Fire Department of said City, as hereinafter more specifically provided.”
Exhibit 2, in evidence by stipulation, a letter from the Mayor of the City of Oswego to the petitioner, James I. Kieper, dated May 16, 1977, is quoted as follows:
"This is to inform you that effective Saturday, May 28, 1977 you will be removed from the payroll of the Oswego City Fire Department. This action is taken as a result of findings of fact established in a New York State Hearing Officers Decision in relation to your application for Accidental Disability Retirement. The decision was rendered on April 1, 1977 and indicates that you are physically incapacitated for the performance of your duties and further, that this disability was conceded by both parties to the hearing.
"I sincerely regret that this action is necessary and wish you success in finding a position commensurate with your physical abilities.
"If you have any questions in this matter, please do not hesitate to contact me.”
Exhibit 3, in evidence by stipulation, is a copy of the decision of the Comptroller after the hearing held under the provisions of the Retirement and Social Security Law in petitioner’s case. After setting forth certain findings of fact, a conclusion of law is set forth stating that "1. The applicant, while disabled for the performance of duties, is not disabled as the result of an accident which occurred in the performance and discharge of his duties.” (Emphasis supplied.) In this decision, it was determined that petitioner did not qualify for accidental disability retirement benefits under section 363 of the Retirement and Social Security Law, since he was not incapacitated for duty as the natural and proximate result of an accident.
The counsel for both parties have stipulated that the sole *1070 reason for removing the petitioner from the payroll of the Oswego City Fire Department was the decision of the New York State hearing officer in relation to petitioner’s application for accidental disability retirement under section 363 of the Retirement and Social Security Law. It is further conceded that there are no issues of fact relating to this question and the court has been asked by both counsel to decide the motion as a matter of law.
Section 363 (subd a, par 2) of the Retirement and Social Security Law requires that the petitioner be "/pjhysically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service and while actually a member of the policemen’s and firemen’s retirement system”. (Emphasis supplied.)
Section 207-a of the General Muncipal Law, insofar as pertinent in this case, requires that "[a]ny paid fireman of a fire company or fire department of a city of less than one million population * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality * * * by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased [providing] that the municipal health authorities or any physician appointed for the purpose by the municipality * * * may attend any such injured or sick fireman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections, and the municipality * * * shall not be liable for salary or wages payable to such ñreman or for the cost of medical or hospital care or treatment furnished, after such date as the health authorities or such physician shall certify that such injured or sick ñreman has recovered and is physically able to perform his regular duties in the company or department. ” (Emphasis supplied.)
Subdivision a of section 207-k of the General Municipal Law states as follows: "Notwithstanding the provisions of any general special or local law or administrative code to the contrary, but except for the purposes of sections two hundred seven-a and two hundred seven-c of this chapter, the workmen’s compensation law and the labor law, any condition or impairment of health caused by diseases of the heart, resulting in total or partial disability or death to a paid member of *1071 the uniformed force of a paid police department or ñre department, where such paid policemen or ñremen are drawn from competitive civil service lists, who successfully passed a physical examination on entry into the service of such respective department, which examination failed to reveal any evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence(Emphasis supplied.)
 From an analysis of the foregoing sections, it is quite evident that the action taken by the Mayor of Oswego and conveyed to the petitioner in his letter of May 16, 1977, removing the petitioner from the payroll of the Oswego City Fire Department solely by virtue of the findings of fact established in the New York State hearing officer’s decision on petitioner’s application for accidental disability retirement cannot stand since the City of Oswego is required in this case to follow the statutory provisions of sections 207-a and 207-k of the General Municipal Law insofar as it relates to the removal of the petitioner from the payroll of the Oswego City Fire Department. The physical examination of the petitioner requested by the respondent is scheduled for November, 1977 and as admitted in respondent’s answer, without the results of such examination, the respondent is unable to determine if the petitioner was injured in the performance of his duties or was taken sick as a result of the performance of his duties. Moreover, the petitioner is entitled to a hearing with his counsel participating and the cross-examination of the respondent’s witnesses and the presentation of his own evidence in support of his position as to entitlement of full wages under the provisions of sections 207-a and 207-k of the General Municipal Law. Neither any authority extended by local ordinance nor the findings contained in the decision of the hearing officer on the petitioner’s application for accidental disability retirement benefits under section 363 of the Retirement and Social Security Law can be utilized by the respondent to remove the petitioner from the payroll of the Oswego City Fire Department since the standards set by section 363 are more stringent and would be inconsistent with the aforementioned sections of the General Municipal Law which require full payment of his regular salary until disability arising therefrom has ceased. On this issue the city has the burden of proof after allowing the petitioner to be heard at a *1072 hearing in conformance with due process and his constitutional rights.
Based on the foregoing, this court annuls and sets aside the action of the respondent in removing the petitioner from the payroll of the Oswego City Fire Department as of May 28, 1977, based on the findings of fact established in the New York State hearing officer’s decision relating to petitioner’s application for accidental disability retirement under the Retirement and Social Security Law and the respondent is ordered to restore the petitioner to the payroll of the Oswego City Fire Department as of May 28, 1977 at full wages, less any moneys earned by petitioner from May 28, 1977 to the date of a determination, which will be credited to respondent and deducted from the wages and salary covering the aforesaid period. Payment of full wages is to continue until a determination is made under the provisions of sections 207-a and 207-k of the General Municipal Law.