■ ROGER RING et al., Respondents, v FRED D. LANGDON, as Commissioner of the City of Buffalo Fire Department, et al., Appellants.—Order reversed, without costs, and motion denied. Memorandum: Petitioners Ring and O'Mara have been firemen of the City of Buffalo since 1961. In 1964 Ring was assigned to Snorkel Company No. 1 as a firefighter and received disabling injuries when the snorkel collapsed during the performance of his duties. He has not returned to active duty since the accident. Petitioner O'Mara was assigned to Engine Co. No. 18. In October, 1975 he sustained a myocardial infarction that disabled him from performing his duties. He subsequently returned to work and in August, 1977 he sustained a second heart attack and has not returned to active duty since that time. Both petitioners have received full pay and benefits from the date of their disability. On March 7, 1978 respondent commissioner notified petitioners that they had been found medically fit to perform light duty and he ordered them back to work. Petitioners instituted this proceeding (and have obtained a preliminary injunction at Special Term) claiming that under section 207-a of the General Municipal Law, as it existed prior to January 1, 1978, they were entitled to full pay and benefits until they were able to return to their "regular duties", which they interpret to mean the same assignment which they performed at the time their disabilities arose. Respondent city contends that under the 1977 amendment to section 207-a (L 1977, ch 965, § 1) petitioners must undertake light duty if they are physically able to do so or forfeit the benefits which they receive as full time—though disabled—employees of the fire department. Special Term held, and the dissenters agree, that the 1977 amendment which became effective January 1, 1978 may not be applied retroactively to deprive petitioners of their rights. As firemen disabled in the course of their employment petitioners are entitled to full pay and benefits as long as their disability continues, including any increment in salary received during their disability by those in similar status or grades (see *Pease v Colucci,* 59 AD2d 233; *Matter of Birmingham v Mirrington,* 284 App Div 721). Those benefits were vested under the former law and they may not be impaired by later statutory enactment. The issue, however, is in the interpretation to be placed upon the phrase "regular duties" found

in section 207-a as it existed before it was amended in 1977. We assume that fire departments, and those employed by them, perform a variety of "regular duties" as diverse as firefighting, making safety inspections, working in the alarm office or any one of a number of other necessary responsibilities entrusted to municipal fire departments. We see no legislative intention expressed in the original statute to guarantee a firefighter his salary unless and until he is able to return to exactly the same assignment which he was performing at the time that he sustained his disability and no other. If petitioners can perform duties normally performed by firemen, they should perform them or retire. If they can only perform light duties, then the commissioner must assign them to light duties or allow them to remain on full pay but inactive duty status. That is how we interpret the language of the statute. The dissenters contend that while that may be the meaning of the statute under the present amendment, it was not the law prior to the amendment. No court decision is cited in support of the view that petitioners may remain on inactive duty with full pay and benefits until they are able to return to their former assignments as firefighters in the snorkel and engine companies. What was clear in the former statute became ambiguous by administrative interpretation (see 24 Opns St Comp 1968, p 442; 1966 Opns Atty Gen 165), and we interpret the 1977 amendment as a clarification of the language of the statute (see *Panico v Young*, 62 AD2d 1051, mot for lv to app den 46 NY2d 847). All concur, except Hancock, Jr., and Witmer, JJ., who dissent and vote to affirm the order, in the following memorandum.

Hancock, Jr., and Witmer, JJ. (dissenting). The majority are understandably troubled by the very omission in section 207-a of the General Municipal Law which prompted the Legislature and Governor to approve the amendment to 207-a, adding, *inter alia,* subdivision 3 to cover the situation where a disabled fireman, although not fully recovered, is nonetheless capable of performing light duties. While apparently agreeing with Special Term that the amendment should not be applied retroactively the majority would accomplish the effect of a retroactive application by finding that the amendment was enacted not to obviate the deficiency in the statute but for the purpose of clarifying some purported ambiguity. Thus, the majority construe the statute prior to the amendment as permitting what is now specifically authorized by the added subdivision 3—the imposition of a requirement that a disabled fireman who is not completely recovered must perform light duties of which he is capable. The purpose of the addition of subdivision 3 was clearly to supply an omission in the statute, not to clarify its meaning. The wording of the statute itself, construed with that of the amendment, dispels any doubt that prior to the amendment a fireman who could not perform the duties which he had performed before his injury or illness could not be required to perform other different duties. Section 207-a of the General Municipal Law, before its amendment in 1977, provided that a fireman injured or taken sick in the performance of his duties shall be paid the full amount of his salary "until his disability arising therefrom has ceased," and that he shall not be entitled to such salary after he "has recovered and is physically able to perform his regular duties in the company or department." The terms used in that section (i.e., "disability * * * has ceased," "has recovered," and "his regular duties in the company or department") contemplate the complete recovery of the fireman and his return to the particular duties to which he had been assigned and which he had been performing prior to his injury or disability. As the statute stood before the amendment a fireman could not be required to perform any duty whatsoever until his disability had completely ceased and he was able to

return to "his regular duties." No provision was made for the situation existing in the instant case—i.e., where a fireman has partially recovered and, while unable to return to his full duties which he previously performed, is nonetheless able to perform certain light duties. Thus, there was an obvious omission in the statutory scheme. A disabled fireman, although capable of doing light work, could not be required to do so. In response to pressure to remedy this infirmity in the statute, the Legislature enacted and the Governor signed the amendment to General Municipal Law (§ 207-a). In subdivision 1 of the amendment, the provisions of the former statute (with a minor exception) were re-enacted. The added subdivision 3 of the amendment provides that if a fireman is "unable to perform his regular duties as a result of such injury or sickness but is able * * * to perform specified types of light duty, payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to such fireman if he shall refuse to perform such light duty". Clearly this subdivision was intended not to clarify the former statute but to provide for the situation not previously covered. The Legislature never intended that the term "regular duties" as used in the former section 207-a and in the amendment should encompass "light duties." Indeed, in subdivision 3 it preserves the meaning given to "regular duties" in the former 207-a and in subdivision 1 of the amendment, and treats "light duties" as completely distinct and separate from "regular duties." The foregoing construction of section 207-a of the General Municipal Law before the 1977 amendment is consistent with that adopted by the State Comptroller and the Attorney-General. In response to an inquiry, the Comptroller wrote: "From the facts as presented, it appears that the fireman has not been certified by the examining physician as being able to perform his regular duties. In such a case, it is our opinion that the municipality cannot require the fireman to accept limited duty. * * * There is no authority for the municipality to require a fireman, who is not able to work at his regular duties, to perform different or limited duties" (24 Opns St Comp, 1968, p 442). Further, the Attorney-General in an opinion stated that "There is no statutory authority allowing the city to place an injured or sick fireman entitled to benefits under General Municipal Law § 207-a in some other capacity within the municipality during his period of disablement" (1966 Opns Atty Gen 165, 166). A contrary construction would be incompatible with the specific holding of this court that section 207-a of the General Municipal Law "is a remedial statute enacted for the benefit of firemen and should be liberally construed in their favor" (Pease v Colucci, 59 AD2d 233, 235; see, generally, McKinney's Cons Laws of NY, Book 1, Statutes, § 54). As stated, it was the interpretation of the statute as not requiring a disabled fireman to perform any duties other than those he had previously performed which prompted the addition of subdivision 3. Governor Carey, in approving the 1977 amendment to section 207-a, wrote that prior to the amendment, the section had been interpreted by the courts to mean that "a fireman who is unable to perform all of his normal duties is entitled to receive full pay and may not be required to perform duties which he is capable of performing" (NY Legis Ann, 1977, p 336). If, as the majority contend, the former statute clearly permitted municipalities to require disabled firemen to perform duties other than firefighting duties, there would have been no need for an amendment. Furthermore, the argument that the purpose of the amendment was not to change the law but merely to clarify ambiguity caused by administrative interpretation is refuted, in our opinion, by the inordinate lapse of time between the publication of the opinion of the State

Comptroller in 1968 and that of the Attorney-General in 1966 and the passage of the amendment in 1977. Indeed, rather than "clarifying" the meaning of the phrase "regular duties" by showing that it was meant to include "light duties," subdivision 3 of the amendment treats the two terms separately and assigns disparate meanings to them. We decline to follow *Panico v Young* (62 AD2d 1051, mot for lv to app den 46 NY2d 847) and note that in denying the motion for leave to appeal in that case the Court of Appeals restated the rule that denial of such a motion was "not equivalent to an affirmance and has no precedential value (see, e.g., *Matter of Marchant v Mead-Morrison Mfg. Co.,* 252 NY 284 * * *; *Matter of Brooklyn Hosp. v Lennon,* 45 NY2d 820)." For the reasons stated at Special Term, we agree that the amendment to section 207-a should not be applied retroactively. We note further that the amendment, approved August 11, 1977, was not to be effective until January 1, 1978. Amendments carrying effective dates *in futuro* are generally given prospective application only *(Matter of Beary v City of Rye,* 44 NY2d 398, 410; *Matter of Deutsch v Catherwood,* 31 NY2d 487; *Firelands Sewer & Water Constr. Co. v Rochester Pure Waters Dist.,* 67 AD2d 813; *Sessa v State of New York,* 63 AD2d 334). (Appeal from order of Erie Supreme Court—preliminary injunction.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ. [94 Misc 2d 415.]