FREDERICK W. COOK et al., Respondents-Appellants, v CITY OF BINGHAMTON et al., Appellants-Respondents.

Third Department, May 3, 1979

### APPEARANCES OF COUNSEL

*John W. Park (Kenneth Auerbach* of counsel), for City of Binghamton, appellant-respondent.

*Becker, Card, Levy & Richards, P. C. (Rodney A. Richards* of counsel), for Village of Endicott, appellant-respondent.

*Kenneth P. Helisek* for Village of Johnson City, appellant-respondent.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Jeremiah Jochnowitz* of counsel), for Arthur Levitt and another, appellants-respondents.

*Night, Keller, O'Connor, Relihan & Blechman (Walter J. Relihan, Jr.,* of counsel), for respondents-appellants.

### OPINION OF THE COURT

MAIN, J.

Plaintiffs were disabled firemen receiving benefits under the former section 207-a of the General Municipal Law (hereinafter, section 207-a) when, on November 9, 1977, they commenced the present action seeking a declaration that chapter 965 of the Laws of 1977 (hereinafter, chapter 965), which amended section 207-a and had an effective date of January 1, 1978, was unconstitutional. Prior to its amendment, section 207-a provided that any fireman, employed outside of New York City, who became disabled because of injury or illness incurred as a result of the performance of his duties, was entitled to receive from the municipality for which he worked "the full amount of his regular salary of wages until his disability arising therefrom has ceased" and also free medical treatment and hospital care during the period of his disability. Pursuant to chapter 965, however, a similarly situated fireman, while still entitled to free medical treatment and hospital care, will receive his regular salary or wages only until he reaches his mandatory retirement age or attains the age or performs the period of service specified by applicable law for the termination of his service. Additionally, chapter 965 provides that a disabled fireman eligible for an accidental disabil-

ity retirement allowance under section 363 of the Retirement and Social Security Law shall accept those benefits with his employing municipality paying only the difference between the disability benefits and his normal salary or wage, that a disabled fireman ineligible for an accidental disability retirement allowance may be required, if able, either to perform "specified types of light duty" or forfeit his statutory benefits and that a disabled fireman forfeits his entitlement to benefits by commencing outside employment.

Concluding that the instant plaintiffs, as disabled firemen receiving benefits in accordance with section 207-a, have a vested right to continue to receive such benefits until they die unless their individual disabilities end sooner and that chapter 965 abrogates this vested right by requiring plaintiffs to accept reduced retirement benefits upon their reaching retirement age or the termination of their service, Special Term ultimately held chapter 965 unconstitutional with respect to firemen, such as plaintiffs, who were disabled and eligible for or receiving section 207-a benefits prior to January 1, 1978, the effective date of chapter 965, to the extent that it requires a reduction of payments to said firemen upon their reaching retirement age or the period of service necessary for the termination of their service. The court further permanently enjoined defendants from reducing the level of plaintiff's payments, but ruled that plaintiffs may be required, if able, to perform light duties without impairing any of their vested rights. With regard to the prohibition on outside employment contained in chapter 965, the court held that it was inapplicable to those plaintiffs who had commenced such employment prior to the statute's effective date and that, since none of the plaintiffs had evinced an intention to begin outside employment after the effective date, this latter circumstance need not be addressed in the present action.

On these cross appeals, we consider initially Special Term's ruling that chapter 965 is unconstitutional insofar as it requires plaintiffs to accept reduced retirement benefits upon their reaching retirement age or being terminated from service, and we conclude that this ruling is erroneous and must be reversed. Chapter 965 was plainly enacted as a remedial statute which was intended to alleviate what were deemed to be the excessively costly and undesirable effects of section 207-a (see NY Legis Ann, 1977, pp 336-337), and, as a remedial statute, it can be given retrospective application to the extent

that it does not impair vested rights (McKinney's Cons Laws of NY, Book 1, Statutes, § 54, subd a).

In this instance, we are concerned with payments to plaintiffs under section 207-a, which are akin to workers' compensation payments (see Workers' Compensation Law, § 30) and involve the payment to plaintiffs of their full salary or wage during the period when they are disabled from performing their duties as firemen. Such being the case, in providing for the retirement or termination from service of disabled firemen, such as plaintiffs, upon the happening of certain specified events and for the consequent reduction in the payments which they as retirees will receive, the Legislature was not impairing any vested right of said firemen, whether contractual or otherwise, but rather was merely altering the terms and conditions of the firemen's employment, an action which was clearly within its power (*Dodge v Board of Educ.,* 302 US 74; *Matter of Birmingham v Mirrington,* 284 App Div 721). Under these circumstances, the challenged enactment plainly passes constitutional muster.

In so holding, we would further emphasize that chapter 965 in no way diminishes or impairs plaintiffs' retirement or pension rights, which are protected by section 7 of article V of the New York State Constitution. As just noted, plaintiffs' terms and conditions of employment are at issue in this case and not their retirement or pension benefits which are unaffected by chapter 965 (see *Gorman v City of New York,* 280 App Div 39, affd 304 NY 865).

Lastly, regarding other issues raised by the parties, we are in agreement with Special Term's resolution thereof for the reasons stated in its decision.

The judgment should be modified, on the law, by reversing so much thereof as declared chapter 965 of the Laws of 1977 unconstitutional as applied to plaintiffs and permanently enjoined defendants from reducing the level of payments which plaintiffs are to receive thereunder, and by declaring chapter 965 of the Laws of 1977 constitutional, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Judgment modified, on the law, by reversing so much thereof as declared chapter 965 of the Laws of 1977 unconstitutional as applied to plaintiffs and permanently enjoined

defendants from reducing the level of payments which plaintiffs are to receive thereunder, and by declaring chapter 965 of the Laws of 1977 constitutional and, as so modified, affirmed, without costs.