OPINION OF THE COURT
Robert E. White, J.
The issue presented is whether the recently amended section 207-a of the General Municipal Law is to be applied retroactively.
Petitioner brings this notice of motion for judgment pursuant to CPLR article 78 demanding and directing that respondents (City of Auburn) pay to the petitioner benefits under section 207-a of the General Municipal Law, which requires a municipality to pay to an injured fireman who is receiving accidental disability retirement benefits the difference be *530 tween the amount he receives under such benefits and the amount of his regular salary or wages.
Petitioner sustained a back injury on January 12, 1972, while in the employ of the City of Auburn Fire Department. His doctors certified him permanently disabled.
From the date of his injury until March 16, 1976, petitioner received full pay benefits from the City of Auburn, under former section 207-a of the General Municipal Law.
On March 16, 1976, petitioner began receiving accidental disability retirement benefits from the State of New York. As of that date, he was retired from the employ of respondents.
Former section 207-a of the General Municipal Law stated: "[a]ny paid fireman * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality or fire district by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased”. In the alternative, a fireman could apply for accidental disability benefits from the State of New York, or from any pension plan in which he participated.
Ón June 1, 1978, section 207-a of the General Municipal Law became operative. (L 1977, ch 965.)
The statute as amended states: "Payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any fireman who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such fireman is granted an accidential disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he is a member; provided, however, that in any such case such fireman shall continue to receive from the municipality or fire district by which he is employed, until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service, the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages.” (General Municipal Law, § 207-a, subd 2.)
*531 Petitioner seeks the difference as set forth above arguing the amended statute applies to firemen who retired prior to the effective date of the statute.
In Cook v City of Binghamton (67 AD2d 469), the Third Department ruled that this amended section must be applied retroactively to the extent that it does not impair vested rights. However, that case dealt with a retired fireman’s terms and conditions of employment, and not retirement or pension benefits.
In Ring v Langdon (69 AD2d 998), this issue of retroactivity was touched upon by the majority, but not decided. However, the dissenting opinion stated that the amendment should not be applied retroactively. Again, however, the issue was not the fireman’s retirement or pension benefits, but the terms and conditions of employment.
In deciding the issue of retroactivity, amended portions of a statute need not necessarily be treated as a whole, but may be analyzed separately. (Beary v City of Rye, 44 NY2d 398.)
Remedial statutes as a general rule are interpreted as retroactive. (Kaplan v Kaplan, 31 AD2d 247.) To what extent the statute is to be given retroactive application is a matter of ascertaining legislative intent. (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443.)
The language of the Governor’s memorandum clearly establishes that the statute was amended to "reduce the financial burden of the municipalities with respect to payments to disabled firemen and [to] allow funds presently used for such payments to be used to hire able firemen and thereby increase the level of fire protection in municipalities throughout the State.” (NY Legis Ann, 1977, p 337.)
In addition, where a statute grants a new remedy where none existed before, no retroactive effect is to be given it, unless express words or necessary implication require such an interpretation. (Longines-Wittnauer Watch Co. v Barnes & Reinecke, supra.) The amended statute herein creates a new right of payment to firemen where none existed before.
Remedial statutes are designed to correct imperfections in prior law by generally giving relief to the aggrieved party. (Coffman v Coffman, 60 AD2d 181.) The aggrieved parties for whom this statute was amended are the municipalities of the State of New York.
It would seem anomolous that a statute enacted for the *532 purpose of easing a municipality’s financial burden would be construed to put an additional financial burden upon it.
If this statute is given retroactive application, an increased burden to the municipality will occur. Municipalities will be required to pay full salary to those disabled firemen who did not retire and elected to receive full pay prior to the 1978 amendment. In addition, a municipality will be required to pay the difference to those firemen who did retire prior to the amendment. The net result will be that municipalities will be paying out more municipal funds than they were required to pay under former section 207-a.
It is not that the firemen who retired prior to 1978 will be deprived of any benefits afforded to firemen who retired after 1978. Under former section 207-a, a disabled fireman had the option of either remaining in the employ of the municipality, or retiring and seeking disability benefits. The latter option was attractive in that a fireman was allowed to secure another job and to live anyplace he desired.
Under present section 207-a, a fireman is not allowed to secure other employment, and, if he does, he suffers a loss of benefits paid under this section. (General Municipal Law, § 207-a, subd 6.)
Since the amendment was designed to protect municipalities, to give it a retroactive application would be contrary to the clear intent of the statute.
Motion denied.