■ WALTER GLANVILLE, Respondent, v VILLAGE OF JOHNSON CITY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 30, 1979 in Broome County, which granted plaintiff's motion for a preliminary injunction enjoining defendant during the pendency of the action from placing plaintiff on light duty in defendant's fire department or removing him from the payroll. Plaintiff is a paid fireman holding a permanent appointment in the competitive class of classified civil service of the Village of Johnson City. Plaintiff suffered illness or injury in the performance of his duty as a fireman, which has resulted in his disability preventing him from full performance of his duties as a fireman, for which disability he is presently receiving benefits under section 207-a of the General Municipal Law, as amended by chapter 965 of the Laws of 1977. Plaintiff was injured prior to the enactment of chapter 965 of the Laws of 1977 and is less than 60 years of age. Defendant Village of Johnson City enacted and defined light duties on June 1, 1979. Plaintiff was examined by Village of Johnson City's Dr. L. R. Borelli shortly prior to June 27, 1979, and Dr. Borelli found that plaintiff could perform light duties. Plaintiff has not submitted any contrary medical report indicating that he is unable to perform such light duties. On July 11, 1979, the fire chief ordered plaintiff to report for light duty on July 18, 1979. Plaintiff moved for an order staying defendant from placing plaintiff on light duty or removing him from the payroll. On August 24, 1979, Special Term enjoined defendant during the pendency of the action from placing plaintiff on light duty or removing him from the payroll. Plaintiff refused to make application to the State Disability Retirement System, and the Village of Johnson City made an application for accidental disability retirement for plaintiff in October, 1979. The application was disapproved on January 10, 1980. The order of Special Term dated August 24, 1979 is the subject of this appeal. Defendant contends that chapter 965 of the Laws of 1977 does not require that the State Comptroller must first determine that a fireman is ineligible for accidental disability retirement before a light duty assignment may be made. This exact issue was decided in favor of the municipality in *Ring v Langdon* (69 AD2d 998, app dsmd 48 NY2d 654). In the *Ring* case, the court stated *(supra,* pp 998-999): "Respondent city contends that under the 1977 amendment to section 207-a (L 1977, ch 965, § 1) petitioners must undertake light duty if they are physically able to do so or forfeit the benefits which they receive as full time—though disabled—employees of the fire department. * * * We assume that fire departments, and those employed by them, perform a variety of 'regular duties' as diverse as firefighting, making safety inspections, working in the alarm office or any one of a number of other necessary responsibilities entrusted to municipal fire departments. We see no legislative intention expressed in the original statute to guarantee a firefighter his salary unless and until he is able to return to exactly the same assignment which he was performing at the time that he sustained his disability and no other. If petitioners can perform duties normally performed by firemen, they should perform them or retire. If they can only perform light duties, then the commissioner must assign them to light duties or allow them to remain on full pay but inactive duty status." It is clear that section 207-a of the General Municipal Law, as amended in 1977, does not require a determination by the State Comptroller disapproving an

application for accidental disability retirement prior to ordering a disabled fireman fit to perform light duty if the ability of the fireman to perform such light duty exists (cf. *Cook v City of Binghamton,* 67 AD2d 469, mod on other grounds 48 NY2d 323). Order reversed, on the law, without costs, and motion denied. Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.

Mahoney, P. J., concurs in the following memorandum. Mahoney, P. J. (concurring). While I concur with the result reached by the majority, I do so on other grounds. On this appeal from the order granting a preliminary injunction, the only issue presented is whether section 207-a of the General Municipal Law, as amended by the Laws of 1977 (ch 965, § 1), permits a municipality to impose light duty on an injured fireman prior to a determination by the State Comptroller regarding his application for an accidental disability retirement allowance. I disagree with the majority's conclusion that such a prior determination is not required. Recent case law has dispelled the notion that the 1977 amendments to section 207-a of the General Municipal Law (L 1977, ch 965, § 1) cannot be applied to firemen injured prior to the effective date of said amendments *(Cook v City of Binghamton,* 48 NY2d 323, modfg 67 AD2d 469). Thus, plaintiff's rights are governed by section 207-a, as amended, and the majority's reliance on *Ring v Langdon* (69 AD2d 998, app dsmd 48 NY2d 654) is misplaced since the Fourth Department's analysis in that case was erroneously premised on a belief that firemen injured before 1977 had vested rights under the former law which could not be impaired by later amendments. Subdivision 1 of section 207-a provides that firemen who are injured in the performance of their duties are entitled to full pay from their municipal employer until the termination of their disability. Subdivision 2 of the same section states that a municipality may cease paying injured firemen who are granted accidental disability retirement allowances pursuant to section 363 of the Retirement and Social Security Law, and authorizes the municipality to make application on behalf of an injured fireman who fails to make application himself. Finally, subdivision 3 of section 207-a provides that if an injured fireman "is not eligible for or is not granted such accidental disability retirement allowance", he may be required to perform light duty if medically authorized to do so. The plain wording of the statute dictates that a prerequisite to imposing light duty upon an injured fireman is a finding that he is either ineligible for or has not been granted an accidental disability retirement allowance. Firemen injured in the performance of their duties can fall into either one of two categories—their injuries can be so serious and permanent as to entitle them to an accidental disability retirement allowance, or their injuries can be of such a nature and duration that they are not entitled to benefits under section 363 of the Retirement and Social Security Law. Only those injured firemen who fall into the latter category can be required to perform light duty if certain conditions are met. As a practical matter, it is impossible to determine if a fireman falls into the second category, and thus may be required to perform light duty until able to resume his regular duties, until such time as his application for accidental disability retirement is either approved or disapproved by the State Comptroller. I recognize that the above discussion has no application to the facts of this case as they presently exist. Plaintiff's underlying action sought a declaration that the 1977 amendments to section 207-a of the General Municipal Law were unconstitutional, an argument already rejected by the Court of Appeals *(Cook v City of Binghamton,* 48 NY2d 323, *supra).* Also, plaintiff's application for accidental disability retirement was denied by the State Comptroller on January 10, 1980, a fact which could have mooted this

appeal if the issue raised were not of such importance and likely to evade judicial review *(Matter of Eichner [Fox],* 73 AD2d 431, 435). Accordingly, since plaintiff has now had his retirement application denied and been medically authorized to perform light duty, there is no reason why the defendant should be restrained from exercising those rights afforded it under subdivision 3 of section 207-a.