■ In the Matter of FLOYD J. THAYER, Appellant, v CITY OF PLATTSBURGH, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered September 24, 1979 in Clinton County, which denied petitioner's motion to adjudge respondent in contempt, and granted respondent's cross motion for a declaration that petitioner was not entitled to benefits under section 207-a of the General Municipal Law. Petitioner received a disabling injury on January 25, 1970 in the course of his employment as a fire fighter for the respondent city. In 1971, petitioner brought an action against respondent, seeking the benefits he claimed under section 207-a of the General Municipal Law. On September 8, 1971, an agreement was reached between the parties whereby respondent agreed to pay petitioner his section 207-a benefits. Respondent paid the arrearage accrued up to that date and continued to pay the benefits provided by the statute until 1976. In that year, respondent, pursuant to a regulation of its fire department requiring such checks to be picked up personally by the injured fireman or his agent, refused to continue to mail checks to petitioner. Petitioner sought CPLR article 78 relief to compel respondent to continue to mail his checks. Special Term determined that respondent's refusal to pay by mail was arbitrary and capricious and therefore directed respondent to mail to petitioner all checks "to which petitioner is entitled". The judgment entered on that determination, however, ordered respondent "to mail any and all future benefits" to petitioner. On January 1, 1978, an amendment to section 207-a of the General Municipal Law took effect, which provided in pertinent part: "If such a fireman is * * * in the opinion of such health authorities or physician, unable to perform his regular duties as a result of such injury * * * but is able, in their opinion, to perform specified types of light duty, payment of the full amount of regular salary or wages * * * shall be discontinued with respect to such fireman if he shall refuse to perform such light duty if the same is available and offered to him". (General Municipal Law, § 207-a, subd 3.) Subsequent to this amendment, petitioner was examined by a physician and found capable of performing certain light work and was ordered by respondent to report for such duty on September 5, 1978. Petitioner refused to report as ordered, in reliance on the decision of the Erie County Supreme Court in *Ring v Langdon* (94 Misc 2d 415), on the judgment that was entered in his CPLR article 78 proceeding, and on his own belief that the amendment to section 207-a was not retroactive. Upon his failure to report as ordered, respondent discharged him and ceased paying him under

the statute. Thereupon, petitioner began this proceeding to hold respondent in contempt of the judgment entered by the court in his CPLR article 78 proceeding. Respondent cross-moved for dismissal and for a declaration that petitioner was not entitled to benefits. Special Term held that petitioner's failure to report for work on September 5, 1978, which continued until May 1, 1979, justified petitioner's discharge and the cessation of his section 207-a benefits. Accordingly, Special Term denied the motion of petitioner and granted the cross motion of respondent. We agree with Special Term that respondent was not guilty of civil contempt (Judiciary Law, § 753, subd A) in terminating petitioner's section 207-a benefits. Implied in the settlement of petitioner's action, brought in 1971 to enforce his benefits under the statute, was the condition that the statute remain as it then read. The record contains no agreement or indication that the benefits were to continue if the statute were amended to provide otherwise. The subsequent CPLR article 78 proceeding was instituted by petitioner, not to enforce the payment of his benefits, but rather to enforce their payment by mail. When the statute was amended, petitioner was no longer entitled to benefits upon his refusal to report for light duty. Since he had been paid up to October 20, 1978, respondent's failure to pay thereafter in the light of the amendment was not contemptuous but justified, as found by Special Term, in a proper exercise of the court's discretion (*Matter of Storm,* 28 AD2d 290, 292). Furthermore, the amendment provided an adequate basis for respondent to terminate petitioner's benefits. Petitioner's reliance on *Ring v Langdon* proved to be misplaced, for the decision of Special Term in that case was subsequently reversed (69 AD2d 998) and the appeal therefrom dismissed (48 NY2d 654). This court decided in *Cooke v City of Binghamton* (67 AD2d 469, mod on other grounds 48 NY2d 323) that the amendment was plainly remedial and could be applied retroactively as long as vested rights were not impaired, and the retroactivity of the "light duty" requirement, contrary to petitioner's reliance, was upheld. Petitioner's decision not to report for light duty was made at the risk of forfeiture. Therefore, Special Term was also correct in holding that petitioner's refusal to report for light duty justified respondent's termination of his benefits under the statute as amended. Accordingly, the order of Special Term should be affirmed. Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.