OPINION OF THE COURT
Vincent G. Bradley, J.
Plaintiff moves for a preliminary injunction restraining the defendants from terminating his employment from the Department of Fire of the City of Albany and from requiring him to submit to an administrative hearing.
Plaintiff Legg, a fire fighter with the City of Albany for the past 23 years, alleges to have injured his back in the performance of his duties on November 9, 1975. Thereafter, the plaintiff received the full amount of his regular salary, without any apparent objection from his employer, for over five years.
On March 3,1981, defendant Chief Fitzmaurice wrote to the plaintiff requesting that he report for work on April 6, 1981 for assignment to regular duties. Plaintiff was requested to present any medical reports or letters from within the previous six months indicating his inability to *284 perform regular duties if he intended to claim the same. Thereafter, plaintiff’s prior attorney arranged for an appointment for plaintiff to be examined by the fire department’s doctor to determine the amount of his disability. On April 30, 1981, defendant Fitzmaurice advised plaintiff that based on the doctor’s report, he was ordered to report to ladder company 2 at 126 Clinton Avenue on May 11, 1981 for light duty. Thereafter, plaintiff duly reported on May 11,1981 and according to his affidavit was taken from work on the same day for emergency room treatment for his back. Although it is not clear from the papers before the court, it is assumed that the plaintiff did not return to work for any purpose since that day. At any rate, on July 27, 1981, defendant Fitzmaurice notified plaintiff that, based on the department files, medical reports and a decision of the Workers’ Compensation Board, he determined that plaintiff was absent for more than one year by reason of a nonoccupational injury causing his disability. As a result of the same plaintiff was to be terminated pursuant to section 73 of the Civil Service Law. Chief Fitzmaurice also advised the plaintiff that, if he desired, he could request, in writing, for an administrative hearing but not later than August 15, 1981.
Plaintiff’s prior attorney responded to the July 27, 1981 letter from Chief Fitzmaurice advising the chief that since plaintiff had been receiving his salary pursuant to section 207-a of the General Municipal Law, his disability was work related and, therefore, section 73 of the Civil Service Law could not be applied. Plaintiff’s former attorney also challenged the chief’s authority to conduct an administrative hearing. Thereafter, the plaintiff retained the attorneys who presently represent him in this matter and they promptly brought on the instant motion and by letter dated August 12, 1981, requested from the Corporation Counsel, who represents all defendants herein, that plaintiff remain on the payroll until such time as a decision thereon was rendered. Counsel for plaintiff also advised the Corporation Counsel’s office that although they questioned the authority, they stood ready to appear at an administrative hearing on the subject of plaintiff’s termination under section 207-a of the General Municipal Law, however, they *285 also requested an adjournment of said hearing until a determination of this motion. The Corporation Counsel denied the request for the hearing stating that they believed the request was only intended to delay the plaintiff’s termination on August 15, 1981.
This court concludes that defendant Fitzmaurice erred in terminating plaintiff’s employment pursuant to section 73 of the Civil Service Law. Clearly, it was the understanding of both the plaintiff and the fire department that plaintiff was receiving benefits pursuant to section 207-a of the General Municipal Law. The alleged circumstances surrounding plaintiff’s injury, the uncontroverted fact of full salary payment for more than five years and particularly the correspondence from the defendant Fitzmaurice confirm this understanding.
More specifically, in his letter of March 3, 1981, Chief Fitzmaurice indicated that the department’s files showed that plaintiff had not been granted an accidental disability retirement allowance pursuant to section 363 of the Retirement and Social Security Law (which section deals with incapacity during performance of duty by a member of the firemen’s retirement system). He then goes on to note that if plaintiff had been granted said disability allowance, the department should be advised so that an adjustment may be made in his salary payments “pursuant to Section 207-a (2) of the General Municipal Law”. Further, in the same communication Chief Fitzmaurice advised the plaintiff that in the event he showed medical evidence demonstrating his inability to perform regular duties he may then be assigned to “light duty” within the department. The term light duty must certainly be considered a term of art which is specifically set forth in section 207-a (subd 3) of the General Municipal Law. Moreover, in his communication to plaintiff of April 30, 1981, the defendant Fitzmaurice specifically assigned the plaintiff to “light duty” assignments and advised him “that your refusal to report and perform such light duty will result in your salary payments being discontinued pursuant to subdivision 3 of Section 207-a of the General Municipal Law.” (Emphasis in original.)
*286 The defendant fire chief evidences some belief that section 73 of the Civil Service Law may be used in connection with a termination pursuant to section 207-a of the General Municipal Law. This is not correct (see Pease v Colucci, 59 AD2d 233). The problem in this matter appears to have arisen in connection with the petitioner’s apparent unsuccessful application for accidental disability retirement under section 363 of the Retirement and Social Security Law. It also appears that the problems between plaintiff and the Fire Department of Albany were buttressed by an unsuccessful application by plaintiff for workers’ compensation benefits. However, termination of plaintiff’s employment for these reasons would be inconsistent with the letter and spirit of section 207-a of the General Municipal Law (see Matter of Kieper v Fitzgibbons, 91 Misc 2d 1067, 1071).
In determining a fair result with regard to the present motion, the court notes that section 207-a of the General Municipal Law is a remedial statute enacted for the benefit of firemen and should be liberally construed in their favor. (Pease v Colucci, supra, p 235.) Unfortunately, the Legislature has not provided any statutory framework for determinations between the employer and employee under section 207-a of the General Municipal Law. However, this court agrees with the decision rendered in Kieper (supra, p 1071) in that the plaintiff is entitled to “a hearing with his counsel participating and the cross-examination of the [defendants’] witnesses and the presentation of his own evidence in support of his position as to entitlement of full wages under the provisions of section * * * 207-a”. This hearing would be in conformance with due process and the plaintiff’s constitutional rights and the burden would be on the defendant to determine whether or not a discontinuance or termination pursuant to the guidelines set forth in section 207-a of the General Municipal Law are in fact warranted (see Matter of Kieper v Fitzgibbons, supra, pp 1071-1072).
The court notes that defendant Fitzmaurice did initially offer to conduct an administrative hearing with respect to the issue of termination of benefits and/or employment under section 207-a of the General Municipal Law and that *287 such a hearing would be the best course for this matter. Plaintiff, however, has moved for a preliminary injunction on the basis for an action for a permanent injunction restraining the defendants from removing plaintiff from the city payroll and from requesting his attendance at an administrative hearing. Plaintiff’s request with respect to his attendance at an administrative hearing is denied consistent with the above reasoning. Moreover, this court concludes that injunctive relief is not the proper avenue to pursue plaintiff’s remedies. Under CPLR 103 (subd [c]) the courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be proper form rather than to dismiss the same, making whatever order is necessary for its proper prosecution (see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1). Accordingly, this court converts this action to an article 78 proceeding compelling a hearing with respect to the issues of discontinuance or termination of plaintiff’s disability benefits under section 207-a of the General Municipal Law.
Defendant also raised a jurisdictional objection in that the order to show cause herein was not served in conformance with the directions for service thereof. The court notes that defendant Corporation Counsel was served in accordance with the order to show cause and that clerical personnel in the offices of the other defendants were served with copies of plaintiff’s motion papers. Further, all three defendants are represented by the same counsel and that said counsel was involved in negotiations with respect to this matter prior to the instant motion.
It appears to this court that no substantial right of any party has been prejudiced through this omission (nor has there been any claim thereof) and indeed, the defendants will have ample opportunity to be heard in this matter at the administrative hearing to be conducted consistent herewith. Consequently, this court denies dismissal of the order to show cause by the power vested in it pursuant to CPLR 2001.
The plaintiff’s action is converted from one for a permanent injunction to an article 78 proceeding to compel an administrative hearing and this matter is remitted to the *288 parties to conduct a hearing consistent herewith. Plaintiff shall be reinstated to the payroll of the City of Albany Fire Department and/or City of Albany with back pay from August 15,1981 until a determination is made pursuant to the administrative hearing ordered herein.