OPINION OF THE COURT
Norman J. Wolf, J.
Plaintiff has moved this court for an order granting summary judgment pursuant to CPLR 3213 in favor of him and against the defendants for compensatory damages, attorney’s fees and declaratory judgment that the defendant may not enforce the provisions of General Municipal Law § 207-a (3). Defendant city has requested declaratory judgment that it was not obligated to file notice on behalf of the plaintiff pursuant to Retirement and Social Security Law § 363 (c).
This action arises out of a February 4, 1971 incident wherein plaintiff sustained injuries while in the performance of his duties as a fireman. He was determined to be permanently partially disabled and placed on sick leave on June 19, 1972 by the defendant City of Lackawanna.
The City of Lackawanna paid plaintiff his full salary, pursuant to General Municipal Law § 207-a (1), from the date of disability until April 23, 1979.
Pursuant to General Municipal Law § 207-a (2), the defendant Lackawanna filed an application with the New York State Policemen’s and Firemen’s Retirement System for accidental disability benefits for plaintiff. On August 31, 1978, the application was denied by the State Comptroller because notice of the accident resulting in the disability had not been filed in accordance with Retirement and Social Security Law § 363 (c). Defendants did not appeal this decision.
On April 23, 1979, plaintiff was ordered to report to light duty as a fire inspector pursuant to General Municipal Law § 207-a. He refused.
On August 5, 1980, plaintiff was terminated from his employment based upon his refusal of light duty.
The defendant and the Lackawanna Fire Department Benevolent Association, Inc. entered into a collective bargaining agreement on September 22, 1977 which provided for the payment of the salary of a covered person who was rendered *632 disabled as a result of a work-related injury until he is able to resume fireman duties, that the city would pay the cash value of any accrued vacation time at the time of termination, and that the city would provide a guaranteed death benefit upon discharge or retirement.
Plaintiff claims that the city breached these provisions by failing to pay his regular salary since his discharge, by failing to pay him the cash value of his accrued vacation and by failing to keep enforced a death benefit for him.
As a second cause of action he claims that the plaintiff reported the injury to his superior, Fire Chief Edwin L. Kij, and that this notice was sufficient to comply with the New York State Workers’ Compensation Law. He claims that the defendant’s failure to report the injury to the New York State Retirement System as required by both the Retirement and Social Security Law and the rules of the Lackawanna Fire Department resulted in the denial of the application. Pursuant to General Municipal Law § 207-a (3), effective January 1, 1978, a disabled fireman may only be ordered to perform light duty if he is ineligible for or not granted accidental disability retirement. Plaintiff contends General Municipal Law § 207-a (3) cannot be enforced against him because it would be inapplicable but for defendants’ own misconduct.
Plaintiff also contends that Kij’s attempt to have him report for duty as a fireman was in violation of General Municipal Law § 207-a and that the discontinuance of his full salary without a hearing constituted a denial of due process.
Plaintiff requests $500,000 compensatory damages, and declaratory judgment that defendant must continue to pay to plaintiff his regular salary, attorney’s fees, costs and disbursements.
Defendant responds that under Retirement and Social Security Law § 363 (c), a member, e.g., plaintiff, or some other person on his behalf was required to file written notice in the office of the Comptroller within 30 days after the action setting forth certain information. Defendant contends that the obligation to so file rests upon the plaintiff and that it was his failure which led to the denial of the disability pension. The defendant further contends that it had no duty to appeal the determination and that pursuant to General Municipal Law § 207-a (3), the plaintiff’s refusal of light duty freed defendant from any obligation to pay wages.
Defendant also contends that General Municipal Law § 207- *633 a (3) gives it authority to have disabled firefighters return to light duty which is effective regardless of the provisions of the contract.
Justice Dillon, writing for a unanimous Fourth Department, in an oft-cited decision, stated that "Section 207-a of the General Municipal Law is a remedial statute enacted for the benefit of firemen and should be liberally construed in their favor * * * Once qualified for the benefits it provides, a fireman is entitled 'to his compensation as long as he has not recovered from his injury, even if such remains through the rest of his life’ [Matter of Birmingham v Mirrington, 284 App Div 721, 728].” (Pease v Colucci, 59 AD2d 233, 235.)
Subsequently, the Fourth Department in Ring v Langdon (69 AD2d 998, appeal dismissed 48 NY2d 654) determined that a fireman who was rendered disabled by a work-related incident prior to the January 1, 1978 effective date of the amendment to General Municipal Law § 207-a could be assigned to light duties and did not have to remain on inactive duty until able to return to their former assignments. "[W]e interpret the 1977 amendment as a clarification of the language of the statute”. (69 AD2d, at p 999.)
In Glanville v Village of Johnson City (77 AD2d 692), a fireman injured prior to the enactment of the General Municipal Law § 207-a amendment was ordered to report to light duty based upon a finding by the village doctor that he could perform same prior to an application having been made to the State Retirement System. The employer subsequently made the application, and it was disapproved. The Third Department, citing Ring (supra), found that section 207-a, as amended in 1977, "does not require a determination by the State Comptroller disapproving an application for accidental disability retirement prior to ordering a disabled fireman fit to perform light duty if the ability of the fireman to perform such light duty exists”. (77 AD2d, at pp 692-693.)
This being the current state of the law, this court is faced with the question whether a Retirement and Social Security Law § 363 denial is equivalent to a determination that a fireman receiving section 207-a payments must report for light duty or lose those benefits.
Although dealing with a very narrow issue (whether a fire fighter was entitled to raises after he was on disability), the Court of Appeals in Matter of Mashnouk v Miles (55 NY2d 80) reviewed the history of the amendment to section 207-a, *634 noting that it had often been criticized because of the "excessive cost” of carrying disabled firemen on the public payroll at full salary and that the municipality had no power to involuntarily retire a fireman. The court concluded that the intent of the 1977 amendment was to affect the source, not the amount of payments to disabled firemen.
The Albany County Supreme Court, Hon. Vincent Bradley, in Legg v Fitzmaurice (112 Misc 2d 283), dealt with a situation involving a fireman who had been injured prior to the amendment and received section 207-a full salary for several years, and who was then unsuccessful in his application for both accidental disability retirement under Retirement and Social Security Law § 363 and workers’ compensation. The court held that termination of his employment merely because of the denials would be "inconsistent with the letter and spirit” of General Municipal Law § 207-a. As noted by the Second Department in Matter of Ross v Town Bd. of Town of Ramapo (78 AD2d 656), the standards required by Retirement and Social Security Law § 363 and General Municipal Law § 207-a for proof of service-related injuries are not alike, and the Legg court ordered a hearing with the burden on the employer to establish that a discontinuance or termination pursuant to the General Municipal Law § 207-a guidelines was warranted. This is the same procedure previously adopted by the Oswego County Supreme Court, Hon. Edward McLaughlin, in Matter of Kieper v Fitzgibbons (91 Misc 2d 1067).
In Kieper (supra) the sole reason for removing a disabled firefighter from the payroll was the decision of a hearing officer denying him accidental disability retirement benefits under Retirement and Social Security Law § 363. The court recognized that the Retirement and Social Security Law § 363 standards are more stringent than those of General Municipal Law § 207-a.
In the instant case, at the time of the injury, Retirement and Social Security Law § 363 (c) did not obligate the defendant to make the 30-day notice of the accident. Although this court grants declaratory judgment to defendant on this issue, it is not dispositive of the underlying issue. Plaintiff could have been ordered to light duty at any time if he was medically able, and it accordingly does not matter that the application for Retirement and Social Security Law benefits was denied for procedural rather than meritorious reasons.
However, defendant does not claim that plaintiff was medi *635 cally able to work light duty, but rather contends that a disabled firefighter who is denied Retirement and Social Security Law § 363 benefits may be ordered to light duty. Defendant has put forward no evidence which would even raise a question of fact such as to indicate a hearing was necessary as ordered in Legg or Kieper (supra).
Accordingly, plaintiff’s motion for summary judgment is granted to the extent of ordering the defendant continue paying the General Municipal Law § 207-a wages. If the parties cannot agree on the amount of back wages owing, a hearing will be ordered. Insofar as the claim for accrued vacation time and guaranteed death benefit, the Court of Appeals in Matter of Chalachan v City of Binghamton (55 NY2d 989) determined the employer was correct in rejecting the demands of disabled firemen for unused vacation time which claim was grounded upon the collective bargaining agreement and not upon any theory of entitlement under section 207-a: "The collective bargaining agreement in question is entirely silent regarding the status of disabled firemen as employees of the city. Their continued status as employees even after disability has occurred is strictly a matter of statutory right. The collective bargaining agreement should not therefore be construed to implicitly expand whatever compensation rights are provided petitioners under the statute. Any additional benefits must be expressly provided for in the agreement, and petitioners’ argument that they are entitled to unused vacation benefits by reason of the absence of language specifically excluding their class from vacation benefits is thus without merit.” (Supra, at p 990.) Accordingly, this application is denied. Plaintiff’s application for counsel fees is denied.