In the Matter of RICHARD F. BETT, SR., Appellant, v CITY OF LACKAWANNA, Respondent. [862 NYS2d 682]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 13, 2007 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition in which he sought, inter alia, to annul the determination that he is physically able to return to work in a "light duty capacity" as a firefighter employed by respondent. Petitioner was disabled in 1971 from performing his duties as a firefighter and respondent paid him his full salary until 1979, when he failed to report to work for light duty. His employment

was terminated at that time, and he commenced an action seeking, inter alia, a declaration that he was entitled to continue receiving his salary because respondent had never determined pursuant to General Municipal Law § 207-a (3) that he was medically able to perform light duties. Supreme Court granted petitioner's motion for summary judgment in that action to the extent of ordering respondent to continue paying petitioner's General Municipal Law § 207-a wages (*Bett v City of Lackawanna*, 132 Misc 2d 630 [1986]), and the court's judgment was affirmed by this Court for reasons stated in the decision at Supreme Court (132 AD2d 951 [1987]). The Court of Appeals in turn affirmed the order of this Court (76 NY2d 900 [1990]). Contrary to the contention of petitioner, respondent is not barred by principles of res judicata or collateral estoppel from now determining whether he is medically able to perform light duty work pursuant to General Municipal Law § 207-a (3). In the aforementioned prior litigation, respondent was not held responsible for the denial of petitioner's disability pension and it thus cannot be said that respondent is barred from enforcing section 207-a (3) against petitioner. Furthermore, although in that prior litigation respondent was precluded from discharging petitioner for his failure to report for light duty work because respondent failed to establish at that time that petitioner was medically able to perform such work, respondent is not precluded by that prior litigation from now evaluating petitioner's medical condition (*see* § 207-a [1], [3]; *cf. Matter of Park v Kapica*, 8 NY3d 302 [2007]). In addition, respondent is not precluded from evaluating petitioner's medical condition based on proceedings commenced by petitioner in 1996 and 2006, respectively, that resulted in judgments that, inter alia, required respondent to continue to pay petitioner his full salary pursuant to General Municipal Law § 207-a (1). Indeed, it is because of the status of petitioner as a recipient of the full amount of his "regular salary" pursuant to section 207-a (1) that he is required to undergo periodic medical evaluations. Finally, we reject the contention of petitioner that principles of equity and fairness preclude respondent from ordering him to perform light duty work. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.