OPINION OF THE COURT
Martin B. Stecher, J.
Petitioner applies for a judgment pursuant to CPLR article 78 annulling respondents’ determination denying his application for accidental disability benefits under section B18-43.0 of the Administrative Code of the City of New York.
Petitioner, a New York City police officer first applied for retirement in April, 1976 claiming a disease of the heart. His application was denied on December 6, 1976 upon the medical board’s finding that there was no evidence of disabling ar *57 rhythmia or intrinsic heart disease. Upon application of the police commissioner in or about June, 1977, the medical board again examined petitioner to determine whether he should be retired for disabling heart disease, and, in August, 1977, recommended a denial of this application as well. Finally, upon a third application submitted by petitioner in April, 1978, the medical board diagnosed petitioner’s condition as "arrythmia” and recommended his retirement. Petitioner was thereupon retired in November, 1978 with ordinary disability benefits.
Petitioner contends that his condition is a disease of the heart within the meaning of a Heart Bill (General Municipal Law, § 207-k), and that he should have been retired with accidental disability benefits since no credible evidence adduced by respondents tends to rebut the statutory presumption that his condition was incurred in the performance and discharge of duty. The presumption that the condition was job related appears to be applicable as the papers in opposition do not attempt to explain why the concededly disabling condition, characterized by respondent as arrhythmia, should not be considered a disease of the heart.
Instead, respondents argue that petitioner is not entitled to accidental disability benefits (as distinguished from ordinary disability benefits) because a rational basis exists for concluding that his condition was not the natural result of an accident. They point out that under section B18-43.0 of the Administrative Code, an applicant must show not only that his disability is job related but that it is also the result of an accident, and that since the Heart Bill creates a presumption of job relatedness only, it remains necessary for an applicant to demonstrate that his condition was accidental in origin.
Respondents’ contention finds support in the construction given by the Appellate Division, Third Department, to a different statute, section 363-a of the Retirement and Social Security Law, applicable to members of the New York State Employees’ Retirement System who perform police and fire service as defined in section 302 (subd 1, pars a, b, c, d) of the Retirement and Social Security Law. The statute (Retirement and Social Security Law, § 363-a) clearly distinguishes between policemen and firemen. Its first subdivision, applicable to firemen, creates a presumption of job relatedness and accidental origin for "any condition of impairment of health caused by diseases of the heart”. Its second subdivision, appli *58 cable to policemen, creates a presumption of job relatedness only. The presence of the presumption of accidental origin in favor of firemen in obvious juxtaposition to its absence with respect to policemen virtually compels a construction that firemen were intended to be accorded a presumption of accident not accorded policemen (Matter of Acciavatti v Levitt, 57 AD2d 131; Matter of D'Alessandro v Levitt, 59 AD2d 967). In contrast, under section 207-k of the General Municipal Law, concededly applicable to petitioner’s application for retirement benefits, policemen and firemen are treated identically in that both are accorded a presumption of job relatedness only.
No First Department case addressing itself to respondents’ argument is cited by the parties. Indeed, there is a paucity of reported cases dealing with section 207-k of the General Municipal Law in any of its aspects. However, one First Department case suggests that a New York City fireman suffering from a heart condition is entitled to the presumption that his condition is of accidental origin (Matter of Sullivan v Board of Trustees of N. Y. Fire Dept., 42 AD2d 541). Other cases, although not actually deciding the point, appear to proceed upon the assumption that affirmative proof of accidental origin is not required when the disabling condition is a disease of the heart (Edwards v Codd, 59 AD2d 148; Matter of Ferrigno v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., 63 AD2d 872). I find it was the intent of the city Heart Bill (General Municipal Law, § 207-k) that the presumption of job relatedness carries with it the presumption of accidental causation. It would appear that the respondent boards, at least in their procedures, concurred in this conclusion as their own proceedings and findings are devoid of any suggestion that consideration was given to the question of whether petitioner’s condition was caused by an accident.
There being no issues of fact and only questions of law, the petition is granted. Respondents are directed to award petitioner accidental disability benefits in accordance with section B18-43.0 of the Administrative Code.