RAMON TRAVER, Respondent, v CITY OF POUGHKEEPSIE, Appellant.

Second Department, April 1, 1985

APPEARANCES OF COUNSEL

*Richard I. Cantor* for appellant.

*S. James Matthews* for respondent.

## OPINION OF THE COURT

Per Curiam.

Plaintiff served as a member of the City of Poughkeepsie Fire Department for 19 years, achieving the rank of lieutenant. In November 1982, he was diagnosed as having various forms of cardiovascular disease which his doctor stated made strenuous work hazardous. In a letter to the city Fire Chief James C. Davison, dated January 18, 1983, plaintiff's doctor requested that he be assigned only to limited duties. Chief Davison reportedly refused to so assign him. Plaintiff received sick pay until November 1983, when his accrued sick time expired. In October 1983, Chief Davison wrote plaintiff a letter which stated that plaintiff was not entitled to benefits under General Municipal Law § 207-a unless he showed that his illness was "directly caused by [his] job" as a fireman. After plaintiff commenced this action, and about three weeks after his sick days had been exhausted, Chief Davison informed plaintiff that he was deemed to have resigned from his position because he had failed to report to work for more than 10 consecutive working days. Plaintiff moved for a preliminary injunction requiring defendant to pay plaintiff's salary pendente lite under General Municipal Law § 207-a.

Defendant moved for summary judgment dismissing the complaint based on three separate affirmative defenses contained in its answer: failure to state a cause of action, Statute of Limitations, and the assertion that plaintiff was not an employee of defendant.

Special Term denied defendant's motion, and granted plaintiff's motion without requiring plaintiff to give an undertaking, as defendant had requested.

Plaintiff bases his claim to benefits on General Municipal Law § 207-a, which provides that a fireman who is injured or becomes sick as a result of the performance of his duties shall continue to be paid his regular salary and that the municipality or fire district shall be liable for all medical treatment and hospital

care furnished during such disability. Defendant's refusal to honor this claim was based on its contention that plaintiff had not demonstrated that his heart condition was job related.

It is in this posture that plaintiff has invoked General Municipal Law § 207-k. Subdivision (a) thereof states: "a. Notwithstanding the provisions of any general, special or local law or administrative code to the contrary, but except for the purposes of sections two hundred seven-a and two hundred seven-c of this chapter, the workmen's compensation law and the labor law, any condition of impairment of health caused by diseases of the heart, resulting in total or partial disability or death to a paid member of the uniformed force of a paid police department or fire department, where such paid policemen or firemen are drawn from competitive civil service lists, who successfully passed a physical examination on entry into the service of such respective department, which examination failed to reveal any evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence". Plaintiff argues that he is entitled to the benefit of the presumption of this section that his heart condition is job related. Plaintiff's complaint alleges that he entered the fire department from a competitive civil service list, that he successfully passed a physical examination at that time, and that he currently has a disability caused by diseases of the heart. Although it does not necessarily concede these allegations, defendant does not take issue as to them and we accept them as true for purposes of these motions. The predicates of section 207-k are thereby met.

Defendant, however, argues that section 207-k is not applicable to claims under General Municipal Law § 207-a — the section under which plaintiff claims benefits. It asserts that the introductory language of this section provides for the presumption to operate notwithstanding any other provision of law, "but except for", *inter alia,* section 207-a of the General Municipal Law — the very section upon which plaintiff relies. Defendant invokes the well-known maxims of statutory construction that statutory language should be "construed according to its natural and most obvious sense" (McKinney's Cons Laws of NY, Book 1, Statutes § 94) and that one may not construe language which is free from ambiguity (McKinney's Cons Laws of NY, Book 1, Statutes § 76).

These appeals involve a series of statutory provisions which were enacted piecemeal over many years and which employ indirect and obtuse language in achieving their objectives. The

issue raised herein, the applicability of section 207-k to a claim made under section 207-a, has not been addressed by any appellate court.[1] We disagree with defendant's contention that section 207-k is facially unambiguous: rather, its lack of clarity necessitates our further discussion. While we conclude that section 207-k does not apply to fire fighters outside New York City, Retirement and Social Security Law § 363-a does so apply.

The proposal for a "heart bill" containing the presumption now found in section 207-k was hotly debated for several years before that section was finally enacted. Its proponents observed that "heart conditions are an occupational hazard for firemen * * * [and] are the result of a gradual process attributable to the continuous stress and sudden bursts of physical and mental strain routinely required in the line of duty" (*Uniformed Firefighters Assn. v Beekman*, 52 NY2d 463, 468). They argued that it was unrealistic to require that a claimant establish that a heart-related ailment or injury was caused by a particular job-related accident (*Uniformed Firefighters Assn. v Beekman, supra*, p 468; *see*, memorandum, 1970 NY Legis Ann, at 85-86). Public officials opposed the bill because of the costly effect that the presumption would have on municipalities (*Uniformed Firefighters Assn. v Beekman*, 104 Misc 2d 829, 833).

Although the Legislature passed this bill several times, until 1973 it was subject to gubernatorial veto. In the interim, fire fighters and police outside of New York City succeeded in having a different statute enacted into law as Retirement and Social Security Law § 363-a (L 1969, ch 1103, § 1). In its original form, this section, which applied only to those fire fighters and police outside New York City, created a presumption that a heart ailment was deemed to be the result of a specific accident, but did not create a presumption that the ailment was job related.[2]

---

1. Two decisions at nisi prius discussed the relationship between General Municipal Law § 207-k and Retirement and Social Security Law § 363-a (*Uniformed Firefighters Assn. v Beekman*, 104 Misc 2d 829, 835, *affd* 76 AD2d 1043, *affd* 52 NY2d 463; *Matter of Lemmerman v McGuire*, 102 Misc 2d 56, 57). Another decision, *Matter of Kieper v Fitzgibbons* (91 Misc 2d 1067) applied the presumption of section 207-k to an issue involving section 207-a, apparently overlooking the similar presumption found in section 363-a (*see also*, Note, *New York Heart Bills: Presumptions Governing Police and Firefighters' Cardiac Disabilities*, 10 Fordham Urban LJ 247).

2. The section defines its coverage by reference to Retirement and Social Security Law § 302 (11). Although not explicitly stated there, this section, which defines the scope of membership in the New York State Policemen's and Firemen's Retirement System, only applies to police and fire fighters outside New York City (Retirement and Social Security Law § 310; *see*, former Civil Service Law § 54 [b] [3], as enacted by L 1947, ch 841 § 1, as repealed by L

In May 1973, General Municipal Law § 207-k was enacted with a limited duration that has been periodically extended. This enacted a presumption that a heart condition is job related.[3] In addition, the section was applicable only to police and fire fighters in New York City. A month later, the Legislature amended Retirement and Social Security Law § 363-a and General Municipal Law § 207-k (L 1973, ch 1046, §§ 30, 31, 62). As stated in the memorandum of the State Executive Department that accompanied this bill, it extended the presumption of job-related disability to police and fire fighters outside of New York City (Retirement and Social Security Law § 363-a) and it extended the life of section 207-k for another year (1973 McKinney's Session Laws of NY, at 2291-92). Insofar as is applicable here, the life of these two provisions has been extended periodically to the present, essentially unchanged.

Under the resulting scheme, the presumptions applicable to New York City fire fighters and police are governed by General Municipal Law § 207-k, while the presumption for other fire fighters and police (as defined under Retirement and Social Security Law § 302) is governed by Retirement and Social Security Law § 363-a. All of these presumptions may be rebutted "by competent evidence" to the contrary.

The means by which the provisions set forth the scope of each section appears to have resulted from the sequence in which the provisions were enacted. Thus, instead of stating that the presumption of section 207-k applied only to New York City police and fire fighters, and was to supersede contrary provisions of the Administrative Code of the City of New York, the section states that it shall supersede any statutory or code provision *except* sections 207-a and 207-c of the same law (in addition to most other general statutory provisions which do not involve only New York City). Sections 207-a and 207-c, in turn, apply only outside New York City, by using the language "city of less than one million". The desired result is reached, but only at the cost of considerable confusion by many, including both litigants on these appeals.

---

1955, ch 687; Retirement and Social Security Law § 181). New York City has a separate retirement system for its fire fighters and police (*see, e.g.*, Administrative Code of City of New York § B18-1.0 *et seq.*, § B19-1.0 *et seq.*; *see also*, Note, *New York Heart Bills: Presumptions Governing Police and Firefighters' Cardiac Disabilities*, 10 Fordham Urban LJ 247, 249, n 7).

**3.** Although it does not explicitly so state in the statute, the Court of Appeals has held that the other presumption, that a heart ailment resulted from an accident, is also applicable (*Uniformed Firefighters Assn. v Beekman*, 52 NY2d 463).

■ Thus, defendant is technically correct in asserting that section 207-k does not apply here. However, because plaintiff is an "officer or member of an organized fire department of [a] * * * city" (Retirement and Social Security Law § 302 [11] [d]), the provisions of Retirement and Social Security Law § 363-a, which are to the same effect, are applicable. Because defendant produced no evidence to rebut this presumption, it is not entitled to judgment dismissing the complaint for failure to state a cause of action.

■ Special Term also correctly held that the complaint is not time barred. The earliest action by defendant that can be considered a refusal of plaintiff's application to receive disability payments under section 207-a was the letter of October 4, 1983, and even that letter is equivocal. Plaintiff's summons and complaint were therefore timely served on November 15, 1983.

■ Defendant's third asserted basis for summary judgment was its claim that plaintiff is no longer an employee. This claim is based upon a work rule that is purportedly incorporated into the collective bargaining agreement between the defendant and the fire fighters, which rule provides that an employee who does not "report in * * * for [sic] absence from duty within ten (10) working days * * * is deemed to have resigned his position". Defendant argues that this provision is applicable even when the employee is absent from work due to a continuing disability. It contends that the incorporation of this provision into the collective bargaining agreement constitutes, to the extent that it applies, a waiver of the benefits of General Municipal Law § 207-a. This position is but a transparent effort to avoid the obligations of the statute and has no merit (*Connors v Bowles,* 63 AD2d 956; *see also, Legg v Fitzmaurice,* 112 Misc 2d 283). The work rule cannot be reasonably interpreted as applying to the situation of a disabled employee who is entitled to benefits under section 207-a. Hence, its presence in the contract could not be a waiver since no rights under section 207-a were knowingly relinquished (*see, Johnson v Zerbst,* 304 US 458, 464).

Therefore, Special Term did not err in denying summary judgment and in granting the preliminary injunction. However, it was error to fail to condition the granting of an injunction upon plaintiff's giving of a fair undertaking in the event that defendant ultimately prevails (CPLR 6312 [b]; *Litwa v Litwa,* 89 AD2d 581).

THOMPSON, J. P., BRACKEN, O'CONNOR and WEINSTEIN, JJ., concur.

Order granting plaintiff's motion for a preliminary injunction modified, on the law, by adding a provision that plaintiff shall give an undertaking with corporate surety as provided in CPLR 6312. As so modified, order affirmed and matter remitted to Special Term to determine the amount of the undertaking.

Order denying defendant's motion for summary judgment affirmed.

Plaintiff is awarded one bill of costs.