In the Matter of WILLIAM S. SUTKA, Petitioner, v MARGARET CONNERS, as Chairman of the Board of Fire Commissioners of the Fairview Fire District, et al., Respondents.

Second Department, July 25, 1988

**APPEARANCES OF COUNSEL**

*Ouimette, Goldstein & Andrews, P. C. (Arthur F. Andrews* of counsel), for petitioner.

*Valentino T. Sammarco* for respondents.

**OPINION OF THE COURT**

WEINSTEIN, J.

■ We are herein called upon to exercise our review power pursuant to CPLR 7804 (g) in order to ascertain whether an administrative determination that the petitioner was not entitled to continued salary and medical benefits as a disabled firefighter is supported by substantial evidence (CPLR 7803 [4]). For the reasons to be discussed, we find that the respondents' determination was not supported by substantial evidence with the result that the petition should be granted to the extent that the determination is annulled, and the petitioner awarded benefits pursuant to General Municipal Law § 207-a.

The petitioner was duly appointed to the position of firefighter by the respondent Board on or about January 5, 1971, as the result of a competitive civil service examination and the successful completion of the requisite physical examination by a designated physician in conformity with civil service requirements. The petitioner continued in that position until May 3, 1984, when he was informed that he was being suspended with pay due to conduct on his part which war-

ranted the consideration of the Board of Fire Commissioners at its next executive session. By letter dated May 17, 1984, the petitioner was formally apprised of the charges preferred against him with specific enumerations of his alleged acts of misconduct. Pending the determination of those charges, the petitioner was suspended without pay pursuant to Civil Service Law § 75 (3).

On June 8, 1984, while under suspension and while in the backyard of his home after returning from boating with his son, the petitioner experienced an episode of severe chest discomfort which required his hospitalization. He suffered what was subsequently diagnosed as a nontransmural myocardial infarction. Follow-up medical procedures confirmed the existence of underlying coronary artery disease. By reason of his coronary artery disease and its related symptoms, the petitioner has been physically unable to perform the duties of firefighter since June 8, 1984. Both sides concede that the petitioner is disabled from performing his duties as a firefighter. He thereafter applied for salary and medical benefits pursuant to General Municipal Law § 207-a. A hearing was conducted before the respondent Board on November 12, 1985, to inquire into the origin and extent of the petitioner's disability in accordance with his application for General Municipal Law § 207-a benefits.

At the hearing, testimony was received from Dr. Marvin Goldstein, a board-certified cardiologist who examined the petitioner on January 31, 1985, at the request of the respondents. Evidence was presented to the effect that the petitioner's father and brother had died of heart attacks at the ages of 57 and 39, respectively. Dr. Goldstein described such a positive family history as a "minor risk factor" in the development of the petitioner's heart disease. While there becomes a certain added risk once this disease makes its presence in a given family, the degree of risk is "[v]ery hard to quantitate". When questioned with respect to the medical significance of the petitioner's indication that he had stopped smoking 8 to 10 years ago, Dr. Goldstein rendered the opinion that once 10 years goes by, the risk of heart disease from being a former smoker recedes to what the average nonsmoker's risk would be.

Dr. Goldstein noted that the petitioner suffered from angina. When shown a written report by the petitioner's treating physician which contained the conclusion that the patient "would certainly appear to be disabled as a firefighter or for

any job that entailed physical activities of walking, lifting, pushing, etc.", Dr. Goldstein agreed with that report and offered the following opinion with respect to the petitioner's ability to resume his employment as a firefighter: "[t]he particular physical and emotional stress inherent in this job would be precluded—prohibited to someone with this diagnosis, because the very nature of those activities puts extra stress and strain on this somewhat compromised heart and therefore as a patient you have to tell him he should not do that sort of thing". However, Dr. Goldstein refused to categorize the petitioner as totally disabled inasmuch as he remained capable of performing a job of a more sedentary nature with no particular extremes of physical or emotional stress.

Stated succinctly, Dr. Goldstein's position was that the duties of a firefighter generally entail an above-average level of physical and emotional stress and that stress can be a factor in the development of coronary artery disease over time. He concluded that it was the coronary artery disease rather than the infarction which rendered the petitioner unable to perform his customary duties as a firefighter.

By resolution dated December 10, 1985, the respondents denied the petitioner's application for benefits on the grounds that (1) his present physical condition could not be attributed to a single accident while he was engaged in his duties as a paid firefighter with the Fairview Fire District, and (2) his disability occurred over a long period of time rather than during the performance of his official duties.

Pursuant to General Municipal Law § 207-a (1), "any paid officer or member of an organized fire company or fire department of a city of less than one million population, or town, village or fire district, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality or fire district by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality or fire district shall be liable for all medical treatment and hospital care furnished during such disability". In applying for benefits under that section, the petitioner relied on the following presumption contained in Retirement and Social Security Law former § 363-a (1): "Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any condition of impairment of health caused by diseases of

the heart, resulting in disability or death to a fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence." It bears noting that although Retirement and Social Security Law former § 363-a, by its own terms, expired on August 31, 1976, its life has been periodically extended by the Legislature *(Traver v City of Poughkeepsie,* 108 AD2d 18, 22; Retirement and Social Security Law § 480 [a]), with the result that it remained in existence essentially unchanged at the time of the petitioner's application.

In *Traver v City of Poughkeepsie (supra),* this court held that the presumption contained in Retirement and Social Security Law former § 363-a (1) applied to applications for benefits under General Municipal Law § 207-a. We are now called upon to apply that presumption to a specific set of facts and to define its parameters.

Prior to *Traver (supra),* the presumption of Retirement and Social Security Law former § 363-a had been commonly applied to applications by firefighters for accidental disability retirement pursuant to Retirement and Social Security Law § 363 *(see, Matter of Daly v Regan,* 97 AD2d 575, 576, *lv denied* 61 NY2d 602; *Matter of Park v Regan,* 88 AD2d 1018, *lv denied* 57 NY2d 610; *Matter of Fischer v Levitt,* 65 AD2d 858; *Matter of Pastor v Levitt,* 58 AD2d 669, *lv denied* 42 NY2d 808; *Matter of Conn v Levitt,* 52 AD2d 1021; *Matter of Bunnell v New York State Policemen's & Firemen's Retirement Sys.,* 50 AD2d 244, *appeal dismissed* 39 NY2d 742). That section provides, in pertinent part, that a member shall be entitled to an accidental disability retirement allowance, if, at the time of the application, he is physically or mentally incapacitated for duty "as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service" (Retirement and Social Security Law § 363 [a] [1]). Under General Municipal Law § 207-a (1), a firefighter is entitled to salary and medical benefits if he is injured in the performance of his duties or is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment. Under the subject section, there is no concomitant requirement that the injury must be the result of an accident. Thus, Retirement and Social Security Law former § 363-a (1) is applicable in the instant case to the extent that it refers to a presumption that the subject injury or illness was incurred in the performance and discharge of

duty. The respondents' contention that the petitioner must show that an accident occurred before the presumption becomes applicable is without merit inasmuch as the petitioner had applied for benefits under General Municipal Law § 207-a as opposed to Retirement and Social Security Law § 363 which concerns applications for an accidental disability retirement allowance. Thus, the question remaining is whether the presumption that the petitioner's disability was incurred in the performance and discharge of his duties as a firefighter has been rebutted by competent evidence.

■ Notwithstanding the respondents' argument that the petitioner's myocardial infarction did not occur while he was on duty, we conclude that they have failed to rebut the presumption that the petitioner's heart condition arose in the line of duty. While the record supports the fact that the petitioner's actual heart attack occurred while he was away from the job due to his suspension, the evidence also revealed that the cause of his disability was not the heart attack but, rather, the underlying coronary artery disease. The myocardial infarction was merely a symptom of this underlying progressive condition. It was also established that the petitioner underwent a physical examination prior to his entry into service as a firefighter for the Fairview Fire District. There was no indication that that examination disclosed "evidence of any disease or other impairment of the heart" as set forth in Retirement and Social Security Law former § 363-a (3). On the contrary, the petitioner was informed that he had passed his physical examination. It is therefore reasonable to conclude that the petitioner did not have a heart disease at the time of his initial employment by the Fairview Fire District and that his present condition is presumptively the result of his duties as a firefighter.

The evidence concerning a family history of heart disease and the petitioner's previous smoking habits was insufficient to rebut the statutory presumption inasmuch as there was no proof that these factors had any significant effect on the development of the petitioner's coronary artery disease. Significantly, the respondents' own witness testified that such factors constituted merely a minor risk, if any risk at all, in the development of the petitioner's disabling condition. Given the facts that the petitioner, as a "member of an organized fire department of any county, city, town, village or fire district" pursuant to Retirement and Social Security Law § 302 (11) (d), presumptively incurred a heart disability in the performance

and discharge of his duty and that the respondents failed to rebut that presumption with competent evidence, the petitioner was entitled to benefits pursuant to General Municipal Law § 207-a.

Although there is no merit to the petitioner's assertion that, absent any proof of unfairness or partiality, he was entitled to a hearing before an independent Hearing Officer as opposed to one conducted before the Board of Fire Commissioners (see, Matter of Curley v Dilworth, 96 AD2d 903, 905), we must nevertheless grant the petition to the extent of annulling the respondents' determination based upon our conclusion that the denial of the petitioner's application for benefits pursuant to General Municipal Law § 207-a was not supported by substantial evidence, and to direct the respondents to award the petitioner benefits pursuant to General Municipal Law § 207-a.

Accordingly, the petition should be granted, on the law, with costs, to the extent that the determination should be annulled, the respondents should be directed to award the petitioner benefits pursuant to General Municipal Law § 207-a, and the matter should be remitted to the respondents for a determination of the amount of back pay to which the petitioner is entitled.

KUNZEMAN, J. P., RUBIN and KOOPER, JJ., concur.

Adjudged that the petition is granted, on the law, with costs, to the extent that the determination is annulled, and the respondents are directed to award the petitioner benefits pursuant to General Municipal Law § 207-a, and the matter is remitted to the respondents for a determination of the amount of back pay to which the petitioner is entitled.