OPINION OF THE COURT
Kaye, J.
In this statutory interpretation case, the question is whether the line-of-duty presumption for firefighters’ heart-related retirement disability benefits (Retirement and Social Security Law § 363-a [1]) should be read into General Municipal Law § 207-a, which generally governs firefighters’ sick leave benefits. We conclude that it should not, and therefore reverse the order of the Appellate Division and dismiss the petition.
I.
After passing a physical examination, in January 1971 petitioner commenced employment as a firefighter for the Board of Fire Commissioners of the Fairview Fire District. He served until May 1984, when he was suspended on charges of misconduct. While under suspension, on June 8, 1984 petitioner was in his backyard after boating with his son, and experienced discomfort in his chest and right arm which *399 required hospitalization. The episode was diagnosed as a nontransmural myocardial infarction; further examination revealed that petitioner was suffering from coronary artery disease and angina. As a result, petitioner has been physically unable to perform the duties of a firefighter.
Petitioner applied to the Board of Fire Commissioners for full salary and medical expenses under General Municipal Law § 207-a. The Board after a hearing denied his application, concluding that the June 8 incident did not occur as a result of petitioner’s employment or in the performance of his official duties for the Fire District, but rather as a result of an underlying heart problem that had developed over a long period of time.
Petitioner commenced this article 78 proceeding to annul respondents’ determination and allow him benefits under General Municipal Law § 207-a. Supreme Court transferred the proceeding to the Appellate Division, which granted the petition and remitted the matter to respondents for a calculation of back pay due petitioner. The Appellate Division, relying on Traver v City of Poughkeepsie (108 AD2d 18), found that the statutory presumption contained in Retirement and Social Security Law § 363-a (1) applied to firefighters seeking disability benefits under General Municipal Law § 207-a, and that the Board had failed to rebut the presumption that petitioner’s heart condition arose in the line of duty.
We granted respondents’ motion for leave to appeal (CPLR 5602 [a] [2]), and now reverse.
II.
Recognizing the extraordinary personal risk inherent in firefighting, the Legislature has long provided special benefits for firefighters injured in connection with their employment (see, General Municipal Law art 10; Retirement and Social Security Law art 8). For decades, however, firefighters’ heart-related disabilities have been a subject of intense controversy —employee associations insisting that it is wholly unrealistic to require each firefighter applying for benefits to establish a causal nexus between a heart condition and the work, public officials and others opposing any diminution in the firefighters’ burden of proof on causation (see, Uniformed Firefighters Assn. v Beekman, 52 NY2d 463). While the Legislature has responded to the issue by establishing certain presumptions, there is no single comprehensive statute clearly delineating *400 the various benefits and burdens of proof. Rather, several pertinent provisions have been separately adopted, extended, amended and reamended over the years. These provisions, often couched in "indirect and obtuse language” (Traver v City of Poughkeepsie, 108 AD2d 18, 20, supra), erect different requirements depending on the status and location of the persons involved, the benefits sought, and the entity responsible for payment.
In that the question raised by this appeal requires consideration of the interrelationship among the relevant statutory sections, we begin our analysis by briefly describing the provisions in order of their enactment.
General Municipal Law § 207-a. Petitioner’s claim for benefits was lodged under General Municipal Law § 207-a, originally adopted more than 50 years ago (L 1938, ch 562). In its present incarnation, section 207-a provides for sick leave benefits for any paid firefighter who belongs to "an organized fire company or fire department of a city of less than one million population, or town, village or fire district, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment.” (General Municipal Law § 207-a [1].) No presumption regarding causation is set forth in the section. The benefits provided by section 207-a consist of full salary until the disability ceases as well as medical and hospital expenses; some portion of those benefits may continue even after retirement (General Municipal Law § 207-a [4]). The cost of section 207-a benefits is directly borne by the municipality or fire district that employs the disabled firefighter.
Retirement and Social Security Law § 363. This section governs accidental disability retirement for retirement system members. In 1969, the Legislature adopted section 363-a — the "New York State Heart Bill” — for one year (L 1969, ch 1103).[1] *401 While section 363-a required proof that the injury was incurred in the line of duty (see, Matter of Bunnell v New York State Policemen’s & Firemen’s Retirement Sys., 50 AD2d 244, 245-246, appeal dismissed 39 NY2d 742), it established a presumption that injury to or impairment of the heart was the natural and proximate result of an accident, unless any substantial evidence to the contrary could be shown (L 1969, ch 1103, § 1; see also, Uniformed Firefighters Assn. v Beekman, supra, at 472, n 2; Note, New York Heart Bills: Presumptions Governing Police and Firefighters’ Cardiac Disabilities, 10 Fordham Urban LJ 247, 259-262 [1982]). The section was expressly limited to claims under the New York State Policemen’s and Firemen’s Retirement System (renamed the New York State and Local Police and Fire Retirement System [L 1987, ch 506]) "or any general, special or local law relating to the operation and qualification for benefits under any municipal pension or retirement plan or system.” (L 1969, ch 1103, §§ 1, 2.) Subdivision (2), moreover, restricted availability of the presumption to firefighters who were "members” of the State retirement system (see, Retirement and Social Security Law § 302 [11]; § 340 [c], [e] and [g]).
General Municipal Law § 207-k. In 1970 the Legislature enacted the "New York City Heart Bill,” General Municipal Law § 207-k (L 1970, ch 805; see also, Note, op. cit., 10 Fordham Urban LJ, at 253-25S). [2] Section 207-k, which ex *402 pressly excludes section 207-a from its coverage, created for New York City paid firefighters a rebuttable "line-of-duty” presumption. The section specifies that impairment of health caused by diseases of the heart and the resulting disability or death are presumptive evidence that the impairment is service-connected, unless proven otherwise (see also, Uniformed Firefighters Assn. v Beekman, 52 NY2d 463, supra). Also pertinent to a consideration of the New York City Heart Bill and its relation with other analogous sections is the fact that New York City supports its own pension and retirement system, overseen by the Board of Trustees of the Fire Department Pension Fund (see, Administrative Code of City of New York § 13-301 et seq.).
Amended Retirement and Social Security Law § 363-a. Weeks after modifying and extending General Municipal Law § 207-k, the Legislature amended section 363-a of the Retirement and Social Security Law by adding to that section, in haec verba, the line-of-duty presumption of section 207-k (see, L 1973, ch 1046, § 30). When the words of section 207-k were superimposed on section 363-a, the section also lost its concluding clauses ("for the purposes of this article, or any general, special or local law relating to the operation and qualification for benefits under any municipal pension or retirement plan or system”). Since 1973, section 363-a has for present purposes remained essentially unchanged, and has been extended periodically to the present.[3]
*403 III.
Against this backdrop we turn to petitioner’s claim that the line-of-duty presumption of section 363-a (1) must be read into his application for sick leave benefits under General Municipal Law § 207-a. Without such a presumption, petitioner cannot satisfy the requirement of injury or illness in the performance of his duties.
The Appellate Division read the line-of-duty presumption into General Municipal Law § 207-a (1), relying on its own 1985 decision, Traver v City of Poughkeepsie (108 AD2d 18, supra; see also, Matter of Driscoll v Department of Fire, 112 AD2d 751). Respondents urge that Traver was wrong; they say the presumptions of section 363-a must be limited to applications for accidental disability retirement benefits under Retirement and Social Security Law § 363. Petitioner responds that the Appellate Division decisions are consistent with the plain language of section 363-a (1), as amended in 1973, which neither limits its applicability to retirement claims nor suggests that New York City firefighters should be treated differently from any others. Petitioner also asserts that the Legislature implicitly adopted Traver when it thereafter reenacted section 363-a (see, L 1987, ch 203, § 2).
In this claim for statutory benefits the court’s objective is, of course, to discern and apply the will of the Legislature, not the court’s own perception of what might be equitable. We are, moreover, mindful of the competing concerns that surrounded legislative enactment of the presumptions at issue. In matters of statutory interpretation generally, and particularly here, legislative intent is "the great and controlling principle.” (People v Ryan, 274 NY 149, 152.) Legislative intent may be discerned from the face of a statute, but an apparent lack of ambiguity is rarely, if ever, conclusive (New York State Bankers Assn. v Albright, 38 NY2d 430, 436-437). Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history (see, Ferres v City of New Rochelle, 68 NY2d 446, 451; Matter of Albano v Kirby, 36 NY2d 526, 529-530; Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38).
These principles of statutory construction assume particular significance where, as here, the Legislature has spoken to an issue simultaneously in separate laws, sometimes cross-referencing them, and has repeatedly adopted and amended perti *404 nent provisions piecemeal throughout decades. While petitioner would have us limit our analysis to a seemingly unambiguous pronouncement in section 363-a of the Retirement and Social Security Law, no one clause isolated from its statutory setting could be determinative of a lack of ambiguity or of legislative intent as to the issue presented.
We conclude that the 1973 amendment to Retirement and Social Security Law § 363-a was neither unambiguous as petitioner suggests nor, viewed in its statutory context and history, did it implicitly amend General Municipal Law § 207-a.
Section 363-a, as originally enacted, was plainly limited to retirement matters. It so provided and was so applied (see, e.g., Matter of Pastor v Levitt, 58 AD2d 669, lv denied 42 NY2d 808; Matter of Conn v Levitt, 52 AD2d 1021; Matter of Bunnell v New York State Policemen’s & Firemen’s Retirement Sys., supra). While the 1973 amendment dropped the section’s concluding clauses expressly limiting it to retirement matters, this revision did not effect the sweeping change petitioner urges.
Unlike the General Municipal Law, article 8 of the Retirement and Social Security Law (containing § 363-a) — entitled "New York State Policemen’s and Firemen’s Retirement System” — specifically governs retirement matters. If the Legislature had wished to add a line-of-duty presumption to section 207-a of the General Municipal Law, it could readily have amended that section, or even amended section 207-k, which expressly excludes firefighters covered by section 207-a. We cannot assume that the Legislature made a significant addition to General Municipal Law § 207-a (1) by amending the Retirement and Social Security Law without acknowledging it somewhere.
Sections 207-a and 363-a in fact represent separate disability systems with differing coverage and consequences (see, Matter of Klonowski v Department of Fire, 58 NY2d 398; Matter of Mashnouk v Miles, 55 NY2d 80). Section 207-a (1) applies to firefighters who belong to "an organized fire company or fire department”; section 363-a applies to "members” of a retirement system as defined by the Retirement and Social Security Law. Under section 207-a (1) a disabled firefighter is paid by the municipality or fire district; under section 363 benefits are paid by the retirement system — a significant distinction, as respondents point out, for fire dis *405 tricts having to compensate both a disabled employee and a substitute. The differences are further underscored by the distinctions in subdivisions (2) through (4-a) of section 207-a between sick leave benefits available under subdivision (1) and various "retirement” benefits available under the Retirement and Social Security Law. In short, from the face of the statutes, the 1973 amendment to section 363-a was not intended to increase the scope of coverage under section 207-a; it surely did not do so unambiguously.
Looking beyond the face of the statutes, the legislative history of the 1973 amendment contains no reference to General Municipal Law § 207-a. Nor can we agree with the suggestion in Traver (108 AD2d, at 22, supra) that the executive department memorandum accompanying the amendment evidenced a legislative intent to apply the job-related disability presumption of section 363-a to section 207-a. That memorandum is consistent with the conclusion that the amendment was intended simply to provide firefighters applying for retirement benefits under section 363 the same line-of-duty presumption that New York City firefighters had been allowed under General Municipal Law § 207-k (see, Uniformed Firefighters Assn. v Beekman, 52 NY2d 463, 472, n 2, supra; Division of Budget Mem, Governor’s Bill Jacket, L 1974, ch 967, § 1 [1973 amendment provided that presumption for members of the State retirement system extends to both service connection and accidental cause]).[4]
We note in this connection that the executive department memorandum is devoid of reference to any additional cost to municipalities that would result from a new presumption under section 207-a (see, Legislative Law § 50 ["A bill which enacts or amends any provision of law relating to a retirement system or plan of the state of New York or of any of its political subdivisions shall contain a fiscal note stating the estimated annual cost to the employer affected and the source of such estimate.”]). Additionally, when section 363-a was again amended in 1974, and thereafter extended and reextended to date, the bill jackets reflect that the benefits were *406 consistently described as retirement disability benefits, paid by the retirement system to retirement system members.
Addressing petitioner’s legislative reenactment argument, the Legislature’s extension of section 363-a after Traver was decided in 1985 is not material to the issue before us. The single writing in Traver did not constitute the sort of pervasive settled doctrine that makes legislative reenactment relevant in this respect (see, Boreali v Axelrod, 71 NY2d 1, 13; Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157-158).
Finally, combining all of these factors, there is a stark difference between the present record and the record in Uniformed Firefighters Assn. v Beekman (supra). In Beekman, we concluded that General Municipal Law § 207-k established a presumption that heart impairment was accidentally sustained, although the statute itself did not expressly so provide. In reaching that conclusion, we looked to the extensive legislative history of section 207-k pointing to the legislative purpose that such proof not be required, and to the contemporaneous opinion of the city’s own legal officer, the Corporation Counsel; we looked to the consistent practical application over many years by the agencies responsible for administering the statute, who had imposed no requirement of proof of accident; and we looked to the nine separate reenactments of the section by the Legislature, apprised of the controversy, including the latest enactment when the bill’s sponsor endorsed the accepted and long-standing interpretation. No such record is presented here.
Accordingly, the order of the Appellate Division should be reversed, with costs, respondents’ determination reinstated and the petition dismissed.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. Section 363-a read:
"1. Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any disability or death resulting from an injury to or impairment of the heart, caused by reason of and in the performance of duty as a fireman or policeman * * * presumptively shall be deemed to be the natural and proximate result of an accident, in the absence of substantial evidence to the contrary for the purposes of this article, or any general, special or local law relating to the operation and qualification for benefits under any municipal pension or retirement plan or system.
*401 "2. As used in this section, the term 'fireman’ and 'policeman’ means any member who is performing police or fire service, as the phrase police or fire service is defined in paragraphs a, b, c and d of subdivision eleven of section three hundred two of this article, and who, prior to entry into service as a fireman or policeman, successfully passed a physical examination which failed to disclose evidence of any disease or other impairment of the heart.” (L 1969, ch 1103.)

. General Municipal Law § 207-k (a) reads: “Notwithstanding the provisions of any general, special or local law or administrative code to the contrary, but except for the purposes of sections two hundred seven-a and two hundred seven-c of this chapter, the workmen’s compensation law and the labor law, any condition of impairment of health caused by diseases of the heart, resulting in total or partial disability or death to a paid member of the uniformed force of a paid police department or fire department, where such paid policemen or firemen are drawn from competitive civil service lists, who successfully passed a physical examination on entry into the service of such respective department, which examination failed to reveal any evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence.” This section, like section 363-a, was adopted for one year only, and has been renewed periodically to the present. *402 While not specifying New York City by name, the section excluded all firefighters covered by section 207-a, which applied to paid firefighters of a fire company or fire department of a city of less than 1,000,000 people. It followed that only New York City firefighters could claim entitlement to those benefits (see, 1973 Atty Gen [Inf Opns] 107).

. Section 363-a, in relevant part, reads as follows:
"1. Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a fireman shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence.
* ** *
”3. As used in this section, the term 'fireman’ and 'policeman’ means any member who is performing police or fire service, as the phrase police or fire service is defined in paragraphs a, b, c and d of subdivision eleven of section three hundred two of this article, and who, prior to entry into service as a fireman or policeman, successfully passed a physical examination which failed to disclose evidence of any disease or other impairment of the heart.”

. Titled "officers and employees-salary, retirement benefit increases”, the memorandum states that the 1973 amendment of section 363-a "revises the language of the section to provide for upstate police and firemen, a presumption identical to that presumption which governs New York City police and firemen, i.e., that the heart disability is service connected.” (State Executive Department Mem, 1973 McKinney’s Session Laws of NY, at 2286, 2291-2292.)