■ In the Matter of PETER W. BLAICH, Appellant, v NICHOLAS SCOPPETTA, as Commissioner of the New York City Fire Department, et al., Respondents. [784 NYS2d 542]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered January 27, 2004, which denied petitioner's application to annul respondent Fire Department's determination that petitioner's prior service in respondent Police Department cannot be counted as service in the Fire Department for purposes of pension, salary and other personnel benefits, and dismissed the petition, unanimously affirmed, without costs.

Petitioner's interpretation of Administrative Code of the City of New York § 15-111 (a) (1) misconstrues the word "im-

mediately," modifying the word "prior," found in the statute, i.e., the Police Department service must have been "immediately prior" to the Fire Department service. Here, petitioner was not appointed to the Fire Department until some three months after he resigned from the Police Department, a disqualifying break in service (*DePierro v City of New York*, 1 Misc 3d 218 [2003]). We have considered the parties' remaining contentions, including respondents' claim that the proceeding is time-barred, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.